DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) ) | Criminal Action No. 2018–018 |
| JAMES LEALAND JOHNSTON, | ) ) ) ) | |
| Defendant. | ) | |

Attorneys:
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Kia Danielle Sears, Esq.**
St. Croix, U.S.V.I.
    *For the Defendant*

# MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant James Lealand Johnston's ("Defendant") "Motion to Suppress Statement" ("Motion") (Dkt. No. 54); the Government's opposition to the Motion ("Opposition") (Dkt. No. 58); the evidence and argument presented at the suppression hearing; and the supplemental briefing submitted by the parties following the suppression hearing (Dkt. Nos. 72, 73, 75). For the reasons that follow, the Court will grant Defendant's Motion.

## I. BACKGROUND

On November 15, 2018, Defendant was charged in a one-count Information with possession of child pornography in violation of 21 U.S.C. § 2252(a)(4)(B). (Dkt. No. 37).[1]

On June 20, 2019, Defendant filed the instant Motion. At the subsequent suppression hearing, the Government presented the testimony of Sergeant Alexander Moorehead, IV, ("Sgt. Moorehead") of the Virgin Islands Police Department ("VIPD"). The following evidence emerged from Sgt. Moorehead's testimony.[2]

On March 25, 2017, Sgt. Moorehead received a complaint that an individual had sexually assaulted a minor. (Tr. at 5). The next day, he took statements from the minor and her parents. *Id*. at 7. Based on those statements, he applied for a search and arrest warrant. *Id*. at 11. Pursuant to the search warrant, VIPD detectives seized items from Defendant's residence, including a laptop computer, an orange jump drive, and paperwork relating to the alleged incident. *Id*. at 13. After the search of the property, Defendant was arrested at his residence, taken into custody, and transported to a police station. *Id.* at 13. There, he was interviewed by Sgt. Moorehead, Task Force Officer Lawrence James ("TFO James"), and Special Agent Yusef Adeen ("Special Agent Adeen"). *Id.* at 16.

Sgt. Moorehead testified that he advised Defendant of his *Miranda* rights on two occasions. *Id.* at 19. In that regard, Sgt. Moorehead stated that he "advised [Defendant] of his rights" when

---

[1] Prior to filing the Information, the Government commenced this action by filing a Criminal Complaint on August 29, 2018. (Dkt. No. 1).

[2] The Court bases the background factual discussion in this section on the record established at the suppression hearing. The Court provides this information solely for the purposes of this pretrial motion, ever mindful that Defendant is presumed innocent until proven guilty. Most of the facts discussed herein are alleged, but at this stage not conceded or proven beyond a reasonable doubt to the factfinder.

he was arrested at his residence. *Id.* at 13. Then, when Defendant was waiting to be booked at the police station and asking the law enforcement officers about "the particulars of the case and the individual who made the complaint against him," *id.* at 14, Sgt. Moorehead "advised [Defendant] of his rights verbally," *id.* at 15. Specifically, Sgt. Moorehead testified that:

> In the process of reading his rights verbally to him, I advised him that he has the right to remain silent. I advised him that he has the right to legal— I advised him that he has the right to remain silent. I advised him that he has the right to legal counsel. I advised him he has a right to have legal counsel present during questioning. And he has a right to stop said questioning at any time.

*Id.* After issuing this warning, Defendant decided he did not want to make a statement and "did not want to sign any documentation saying that he was advised of his rights." *Id.*

According to Sgt. Moorehead, Defendant continued to ask for information regarding the case. *Id.* at 15-16. Sgt. Moorehead testified that Special Agent Adeen informed Defendant "that he has the right to remain silent, but to please understand that there is only one side of the story that [the police officers] have, and that side of the story does not look good for him right now." *Id.* at 16. After Special Agent Adeen said those words, Defendant agreed to make a statement, and he was interviewed by Sgt. Moorehead, TFO James, and Special Agent Adeen in an office at the Criminal Investigation Bureau. *Id.* at 16-17. Sgt. Moorehead testified that the door was closed, but unlocked, the room was well-lit, and Defendant was not handcuffed during the interview. *Id.* at 17. He further testified that the officers did not point guns at Defendant, raise their voices, threaten Defendant, or force him to speak. *Id.* The recorded interview was submitted into evidence. *See* Gov't Ex. 1.

In his Motion, Defendant argues that he was detained and interrogated without being informed of, or waiving, his *Miranda* rights. Defendant further argues that he was "unquestionably interrogated under the relevant definition as police officers explicitly questioned him about his alleged crime" in order to elicit an incriminating response. (Dkt. No. 54 at 2). Defendant maintains

3

that because there is no evidence of "what rights [he] was read" and whether he understood those rights prior to interrogation, his statements are inadmissible. *Id.* at 3. Defendant further argues that the Government has not met its burden because testimony at the suppression hearing fails to establish that Defendant received a complete recitation of his *Miranda* rights. (Dkt. No. 73 at 1-2). In sum, Defendant contends that the Government has failed to show by a preponderance of the evidence that he was advised of his *Miranda* rights at any time prior to his statement. *Id.* at 4.

The Government argues that it has met its burden that Defendant was informed of his *Miranda* rights because Sgt. Moorehead's testimony "established that the defendant was arrested at his residence and fully advised of his *Miranda* rights" at that time. (Dkt. No. 72 at 1). The Government concedes that "the second [*Miranda*] warning was inadequate," but argues that, because Defendant "was fully advised at his arrest," he was properly advised of his rights. *Id.* at 7. The Government maintains that a second recitation of rights was unnecessary to a "knowing" waiver. *Id.* at 9. Accordingly, the Government argues that Defendant's statement was knowing and voluntary and thus the Court should deny the Motion. *Id.* at 10.

Finally, the Government contends that Defendant's Motion, and thus the testimony at the suppression hearing, focused *only* on the second recitation of *Miranda* rights. (Dkt. No. 75 at 1). According to the Government, no challenge was made by Defendant in his Motion to the *Miranda* rights allegedly given at Defendant's residence. *Id.* The Government argues that the Court "should not suppress the statement when there is no evidence that the initial *Miranda* warnings at the residence were defective." *Id.* at 1-2. Instead, because the Court "cannot determine whether the [*Miranda*] warnings [Defendant] received at the residence were defective without receiving additional evidence … the evidentiary hearing should be renewed to receive evidence regarding [Defendant's] 'new' challenge." *Id.* at 2.

4

## II. DISCUSSION

### A. Applicable Legal Principles

The Fifth Amendment to the United States Constitution provides: "No person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. CONST., amend. V. In *Miranda v. Arizona,* the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444 (1966). The "procedural safeguards"—commonly known as *Miranda* warnings—require that a suspect be advised prior to questioning that:

> [H]e has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.

*Alston v. Redman*, 34 F.3d 1237, 1242 (3d Cir. 1994) (quoting *Miranda*, 384 U.S. at 479). "When the police fail to give adequate *Miranda* warnings … any statement made by the individual who is subject to custodial interrogation is inadmissible at trial." *United States v. Brooks*, 358 F. Supp. 3d 440, 476 (W.D. Pa. 2018) (citing *New York v. Quarles*, 467 U.S. 649, 654 (1984)).

*Miranda*'s holding is based on a recognition "that interrogation in certain custodial circumstances is inherently coercive," and suspects must therefore be "specifically informed of [their] *Miranda* rights and freely decide[] to forgo those rights" to ensure that the right against compulsory self-incrimination is preserved. *Quarles*, 467 U.S. at 654. *Miranda* warnings are required whenever a suspect has been (1) "taken into custody" and (2) subject to "interrogation" by the government. *Steigler v. Anderson*, 496 F.2d 793, 798 (3d Cir. 1974); *United States v. Dupree*, 617 F.3d 724, 731 n.7 (3d Cir. 2010) (plurality opinion).

In satisfying the requirements of *Miranda*, the government must show that the defendant was given "warnings [that] reasonably conveyed to the suspect his rights." *United States v. Warren*, 642 F.3d 182, 184 (3d Cir. 2011). The government may show that they did so "by using the formulation of the warnings set out in *Miranda* or by some fully effective equivalent." *United States v. Gooch*, 915 F. Supp. 2d 690, 723 (W.D. Pa. 2012) (citations omitted). "Courts have consistently held that *Miranda* warnings are inaccurate and insufficient where the defendant is not informed that an attorney will be appointed for her if she cannot afford one." *United States v. Xi*, No. CR 16-22-5, 2018 WL 3340884, at *11 (E.D. Pa. July 6, 2018) (citing cases); *see also Gooch*, 915 F. Supp. 2d at 723 (holding that statement would be suppressed where *Miranda* warnings omitted any reference to defendant's right to have an attorney appointed for her prior to any questioning in the event that she could not afford one).

"Once a defendant challenges the admissibility of any statements made while in custody, the government must prove by a preponderance of the evidence that the defendant was advised of and understood his *Miranda* rights and that he validly waived those rights." *United States v. Rose*, 189 F. Supp. 3d 528, 536 (D.V.I. 2016) (quoting *United States v. Briscoe*, 69 F. Supp. 2d 738, 741 (D.V.I. 1999), *aff'd in part, rev'd in part on other grounds*, 234 F.3d 1266 (3d Cir. 2000)); *see also Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986). An individual may waive his *Miranda* rights "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda*, 384 U.S. at 444. To determine whether an individual's waiver of *Miranda* rights was valid, courts must ask (1) whether it was voluntary "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception," and (2) whether it was "made with full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon

it." *United States v. Velasquez*, 885 F.2d 1076, 1084 (3d Cir. 1989) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

### B. Analysis

The Court begins its analysis by noting that the Government concedes that Defendant was in custody and subject to an interrogation. (Dkt. No. 58 at 3) ("There is no question that the defendant had been arrested, was in custody and was interrogated."). Thus, there is no dispute as to whether *Miranda* warnings were necessary under the circumstances here. Rather, the dispute concerns whether *Miranda* warnings were properly administered, understood, and validly waived for purposes of assessing the admissibility of Defendant's statements. The Government bears the burden to prove by a preponderance of the evidence that the statements were properly obtained. *Rose*, 189 F. Supp. 3d at 536. As discussed below, the Court finds that the Government did not prove by a preponderance of the evidence that Defendant was properly advised of his full *Miranda* rights.

In challenging the admissibility of Defendant's statement in his Motion, Defendant asserted, *inter alia*, that there was "no evidence of what rights [Defendant] was read …." (Dkt. No. 54 at 3). Sgt. Moorehead's testimony in this regard was that Defendant was advised of his rights on two occasions—first at his residence, and subsequently at the police station. (Tr. at 13, 19).

As to the first occasion, Sgt. Moorehead testified only that Defendant "was advised of his rights." *Id*. at 13. The substance of the "rights" of which Defendant was advised was not described. Accordingly, this testimony provided no response to the challenge lodged by Defendant to the lack of evidence regarding "what rights [Defendant] was read." (Dkt. No. 54 at 3). In view of Defendant's challenge, the testimony did not provide any evidence—let alone establish by a

7

preponderance of the evidence—that Defendant was properly advised of his *Miranda* rights at his residence.

Sgt. Moorehead testified that the second occasion on which Defendant was advised of his rights was at the police station. (Tr. at 14-15). When asked on direct examination what he said in advising Defendant of his rights, Sgt. Moorehead responded:

> In the process of reading his rights verbally to him, I advised him that he has the right to remain silent. I advised him that he has the right to legal—I advised him that he has the right to remain silent. I advised him that he has the right to legal counsel. I advised him he has a right to have legal counsel present during questioning. And he has a right to stop said questioning at any time.

*Id.* at 15. Plainly, the rights recited by Sgt. Moorehead do not fully address the rights guaranteed by *Miranda*. Specifically, Defendant was not informed that: (1) any statement he made could be used against him in a court of law; or (2) if he could not afford an attorney, one would be appointed for him prior to any questioning. *See Miranda*, 384 U.S. at 479. Thus, according to Sgt. Moorehead's testimony, he did not administer the full battery of *Miranda* rights to Defendant at the police station.

In its post-hearing oral argument to the Court, the Government acknowledged that there was no evidence on the record as to what "rights" Defendant was advised of at his residence, and that the record evidence indicated that the rights of which Defendant was advised at the police station were incomplete. (Tr. at 39-45) (prosecutor acknowledges that there is no testimony affirming that Defendant received the full range of *Miranda* rights). In order to address this apparent failure of evidence, the Government requested supplemental briefing to afford it the opportunity to find legal support for the proposition that the incomplete *Miranda* warnings were not fatal, under the circumstances here, to the Government's position that it had proven by a preponderance of the evidence that the *Miranda* warnings given were sufficient to provide a knowing and voluntary waiver of Defendant's rights. *Id.* at 41-42, 44-49.

The Government's supplemental briefing has failed to provide support for its position. The Government cites several cases which establish that a single proper *Miranda* warning is sufficient to provide a knowing and voluntary waiver of rights even if law enforcement officers also administer an inadequate warning. *See generally* Dkt. No. 72 at 2-7. However, these cases are inapposite under the circumstances here because they assume that the Government has established by a preponderance of the evidence that Defendant was properly and fully advised of his *Miranda* rights on some other occasion—*i.e.*, at his residence. The Court has already found, however, that such is not the case.

The facts here are more akin to a case that the Government seeks to distinguish, where the Eleventh Circuit found that law enforcement's recitation of *Miranda* warnings was insufficient where it omitted the advice that "anything [the defendant] said could be used against him in a court of law and that if he could not afford an attorney one would be appointed for him." *See* Dkt. No. 72 at 3 (quoting *United States v. Street*, 472 F.3d 1298, 1311 (11th Cir. 2006)). Here, as in *United States v. Street*, omitting these warnings renders the Government's administration of the *Miranda* warnings at the police station insufficient. Given the absence of any evidence in the record that the *Miranda* warnings were otherwise properly administered, the Government has failed to carry its burden.

Finally, in its supplemental reply memorandum, the Government argues that the Court "should not suppress the statement when there is no evidence that the initial *Miranda* warnings at the residence were defective." (Dkt. No. 75 at 1-2). The Government characterizes Defendant's argument as challenging *only* "the summary warnings [Defendant] was given while at the station," Dkt. No. 72 at 6, and *not* the warnings allegedly given at Defendant's residence. According to the Government, the Court "cannot determine whether the [*Miranda*] warnings [Defendant] received

at the residence were defective without receiving additional evidence," and thus "the evidentiary hearing should be renewed to receive evidence regarding this 'new' challenge." (Dkt. No. 75 at 2).

The Court finds the Government's argument unavailing. First, the Government turns the applicable legal standard on its head when it asserts that the Court should not suppress Defendant's statement given the absence of evidence that the *Miranda* warnings at the residence were defective. As noted earlier, once a defendant challenges the admissibility of statements made while in custody, it is the Government's burden to prove by a preponderance of the evidence that the *Miranda* warnings were properly given, understood, and validly waived. In other words, the Government bears an affirmative burden to show that there is *no* defect—*not* that there is *no* evidence in the record that there *is* a defect.

Second, in asserting that there is a "new" *Miranda* challenge that now addresses the rights administered at Defendant's residence rather than at the police station, the Government misstates Defendant's argument in his Motion. Defendant does not state or suggest in his Motion that there was initially a sufficient *Miranda* warning followed by a subsequent insufficient warning. Rather, in the Motion, Defendant states expressly that there is no signed waiver form and "*no* evidence of what rights Mr. Johnston was read and whether he understood the critical rights pursuant to *Miranda* prior to the interrogation." (Dkt. No. 54 at 1, 3) (emphasis added). In response to this challenge, the Government represents in its Opposition that it will provide officer testimony as to "the circumstances surrounding *when* and *how* [the officer] advised the defendant of his rights." (Dkt. No. 58 at 3) (emphasis added). Clearly, the issue raised is the propriety of the *Miranda* warnings given to Defendant before he made his statement, without any limitation as to when or where those rights were administered. The Court is not persuaded that there is any limitation in the Motion that would reasonably cause the Government to conclude that it did not have to meet

its burden by a preponderance of the evidence to show that Defendant received complete *Miranda* warnings prior to his statement.

Finally, in addition to the absence of any reasonable explanation for the Government's failure to fully address the *Miranda* warnings allegedly given at Defendant's residence, the law is clear: once there is a challenge to the admissibility of statements made while a defendant is in custody, it is the government's burden to prove by a preponderance of the evidence that *Miranda* rights were properly given, understood, and validly waived. *Rose*, 189 F. Supp. 3d at 536. Notwithstanding such a challenge here, the Government simply failed to do what the law clearly requires it to do. Having failed at its first attempt, the Government now seeks a second bite at the apple. The Government has offered no legal analysis or persuasive factual justification for reopening the suppression hearing.

Accordingly, the Court concludes that the Government has not met its burden of establishing that Defendant was properly and fully advised of his *Miranda* rights prior to his statement, or that reopening the suppression hearing is warranted under the circumstances here. Because the Government has failed to make the requisite showing, there can be no knowing and voluntary waiver of *Miranda* rights. Thus, the Court will grant Defendant's Motion.

### III.   CONCLUSION

For the reasons set forth above, the Court concludes that the Government failed to prove by a preponderance of the evidence that Defendant was properly advised of his *Miranda* rights. Accordingly, the Court will grant Defendant's Motion.

An appropriate Order accompanies this Memorandum Opinion.

Date:   February 14, 2020                             _____/s/_____
                                                      WILMA A. LEWIS
                                                         Chief Judge