DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 2018–018 |
| JAMES LEALAND JOHNSTON, | ) ) ) | |
| Defendant. | ) ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
 *For the United States*

**Ronald E. Russell, Esq.**
St. Croix, U.S.V.I.
 *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant James Lealand Johnston's "Motion to Dismiss the Indictment" (Dkt. No. 162) and the Government's Opposition thereto (Dkt. No. 173). Having considered the Motion and the record in this matter, the Court will deny the Motion.

### I. BACKGROUND

Defendant was arrested on May 1, 2017 and arraigned in the Superior Court of the Virgin Islands on May 17, 2017. *People of the V.I. v. Johnston*, No. SX-17-CR-121 (Super. Ct. 2017). The Government initiated this action in this Court by filing a Criminal Complaint against Defendant on August 29, 2018. (Dkt. No. 1). Attached to the Criminal Complaint was an Affidavit in Support of Probable Cause, signed by Yusuf J. Adeen, a Special Agent with Homeland Security Investigations. (Dkt. No. 1-1 at 1). Federal authorities arrested Defendant on August 31, 2018

(Dkt. No. 13), and the Government filed a one-count Information against Defendant on September 28, 2018, charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Dkt. No. 25). Defendant was arraigned on October 4, 2018. (Dkt. No. 29). On November 15, 2018, the Grand Jury returned an Indictment against Defendant on the same count that was charged in the Information. (Dkt. No. 37).

Defendant filed the instant "Motion to Dismiss the Indictment" arguing that one of the Government's witnesses, Sergeant Alexander Moorhead of the Virgin Islands Police Department ("VIPD"), provided false testimony to the Grand Jury, resulting in an "indictment/information [that] is based on the testimony of a perjured witness." (Dkt. No. 162 at 1). Defendant also argues that the Indictment should be dismissed because it is the result of vindictive prosecution. *Id*. at 3-4.

The Government argues that the Indictment cannot be dismissed based on any perjured testimony from Sergeant Moorhead because he was not a witness before the Grand Jury and Defendant has not demonstrated that Sergeant Moorhead has ever been untruthful in this matter. (Dkt. No. 173 at 2-3). The Government also argues that Defendant's claim of vindictive prosecution is baseless and that Defendant's subpoena had no impact on the Government's filing of federal charges. *Id*. at 4.

## II.   APPLICABLE LEGAL PRINCIPLES

### A. Prosecutorial Misconduct

The Fifth Amendment requires that an indictment be returned by a legally constituted and unbiased grand jury. *See Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."). One basis for

dismissing an indictment is prosecutorial misconduct in the grand jury proceedings. *See United States v. Serubo*, 604 F.2d 807, 816 (3d Cir. 1979) ("[a]ware of the potential for [government] abuse inherent in grand jury proceedings, this court and others have increasingly exercised our supervisory power over the administration of justice to regulate the manner in which grand jury investigations are conducted," which may include "order[ing] the dismissal of the indictment as a remedy for prosecutorial misconduct before the grand jury."). Prosecutorial misconduct includes instances where a prosecutor knowingly submits perjured testimony to the grand jury. *United States v. Fisher*, 692 F. Supp. 495, 501 (E.D. Pa. 1988).

When faced with a motion to dismiss an indictment based on prosecutorial misconduct before the grand jury, the Third Circuit requires a two-part inquiry. *See United States v. Martino*, 825 F.2d 754, 759 (3d Cir. 1987). First, the court must determine whether misconduct has in fact occurred. *Id*. A finding of prosecutorial misconduct requires knowledge on behalf of the prosecutor, or a deliberate act conducted by the government. *See, e.g.*, *United States v. Liciardello*, 93 F. Supp. 3d 365, 368 (E.D. Pa. 2015) ("[t]he Government must know that the testimony at issue is perjured."). Second, if misconduct has occurred, the court must consider whether any sanction, such as the dismissal of the indictment, is warranted. *Martino*, 825 F.2d at 759. Dismissal of an indictment is appropriate only when there is a finding of prejudice to the defendant. *Bank of N.S. v. United States*, 487 U.S. 250, 263 (1988) (A district court may "not dismiss [an] indictment on the basis of prosecutorial misconduct" before the grand jury without making a factual finding that the defendant was "prejudiced by such misconduct."). A finding of prejudice exists only if it is established that the prosecutor's "violation substantially influenced the grand jury's decision to indict, or . . . there is grave doubt that the decision to indict was free from the substantial influence of such violations." *United States v. Soberon*, 929 F.2d 935, 939-40 (3d Cir. 1991). The Third

3

Circuit has cautioned that "dismissal of an indictment on the basis of governmental misconduct is an extreme sanction which should be infrequently utilized." *United States v. Birdman*, 602 F.2d 547, 559 (3d Cir. 1979); *see also United States v. Bansal*, 663 F.3d 634, 660 (3d Cir. 2011) (noting that "dismissal of an indictment is the most drastic remedy").

### B. Vindictive Prosecution

Federal Rule of Criminal Procedure 12(b) allows a defendant to move to dismiss an indictment for vindictive prosecution. Fed. R. Crim. P. 12(b)(3)(A)(iv). Vindictive prosecution occurs when "the government penalizes a defendant for invoking legally protected rights." *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989). The defendant bears the initial burden of making a "substantial threshold showing of either specific animus or ill will on the part of [the prosecutor] or that, absent such factors, [the defendant] would not have been prosecuted." *United States v. Mariani*, 121 F. Supp. 2d 803, 810 (M.D. Pa. 2000). If the defendant makes this showing, the burden shifts to the prosecution to show that the decision to prosecute was justified. *Schoolcraft*, 879 F.2d at 68. Prosecutorial vindictiveness does not exist "where the prosecutor's decision to prosecute is based on the usual determinative factors," *Schoolcraft*, 879 F.2d at 67-68, nor is it established "simply because a defendant exercised a legal right and was subsequently indicted for an additional offense," *United States v. Baskerville*, Crim. No. 03-836, 2007 WL 150439, at *2 (D.N.J. Jan. 17, 2007).

### III. DISCUSSION

### A. Prosecutorial Misconduct

In his Motion to Dismiss the Indictment, Defendant argues that:

"[T]he arresting officer, Alexander Moorhead, who provided testimony to the grand jury, or provided the information for Special Agent Homeland Security Investigations Yusef Adeem to testify before [the] grand jury, was tainted from the inception of executing the search warrant; Moorhead's involvement tainted any presentation before the grand [j]ury."

4

(Dkt. No. 162 at 1). Defendant states that "Officer Moorhead lied about several [of] the facts regarding the arrest, reasons for defendant's arrest and just the entire procedure used to arrest defendant," and thus "his testimony before the grand jury was also not truthful." *Id*. at 1-2. Defendant's argument is grounded in the alleged intentional or deliberate presentation by the prosecutor of perjured testimony to the grand jury.

Defendant's claim of prosecutorial misconduct is wholly unfounded. As an initial matter, Defendant's underlying assumption that the Indictment relies on information or testimony from Sergeant Moorhead is unsubstantiated. Defendant presents no evidence—nor is there anything in the record to suggest—that Sergeant Moorhead ever testified before the Grand Jury.[1] Indeed, the Criminal Complaint includes as an attachment an Affidavit from Special Agent Yusuf J. Adeen and not Sergeant Moorhead. (Dkt. No. 1-1). While Defendant suggests that Sergeant Moorhead "provided the information for Special Agent Homeland Security Investigations Yusef Adeem to testify before [the] grand jury" (Dkt. No. 162 at 1), Defendant provides no evidence to support such a claim. In short, Defendant has not shown that the Indictment relies in any way on information or testimony from Sergeant Moorhead.

Even if Defendant demonstrated that he was indicted based on information or testimony from Sergeant Moorhead, he has not provided evidence that Sergeant Moorhead was untruthful. Defendant merely states in the instant Motion that his "counsel demonstrated that Officer Moorhead lied about several [of] the facts regarding the arrest, reasons for [D]efendant's arrest and just the entire procedure used to arrest [D]efendant," and further that "Defendant has already shown that Sergeant Moorhead lied about key details of his involvement in the arrest." (Dkt. No.

---

[1] The Government represents in its Opposition that Sergeant Moorhead did not testify before the Grand Jury. (Dkt. No. 173 at 2).

162 at 1, 2). Noticeably absent, however, are any details or citations to the record. Defendant provides no details about the alleged lies, such as what Sergeant Moorhead allegedly said, when or where he said it, or why they were lies. This is not surprising because one would search in vain for any findings by the Court that Sergeant Moorhead was untruthful in this matter. While Defendant filed a Motion with this Court arguing that any testimony from Sergeant Moorhead should be excluded in the instant proceeding because a judge of the Superior Court of the Virgin Islands issued an opinion in a separate case before that court finding that Sergeant Moorhead's testimony in that matter was not credible (Dkt. No. 138), this Court denied Defendant's Motion to exclude testimony from Sergeant Moorhead in this case on that basis. (Dkt. No. 140). The Court then went on to deny Defendant's Motion for Reconsideration of that issue[2] and to find Sergeant Moorhead's testimony credible in denying Defendant's Amended Motion to Suppress Evidence.[3] (Dkt. Nos. 166, 167). Thus, there had been no showing or demonstration by either Defendant or his counsel—let alone any finding by this Court—that Sergeant Moorhead was untruthful in this matter.[4]

---

[2] Defendant recycles the same argument—now raised for a third time before this Court, but this time couched as an alleged basis for prosecutorial misconduct. Defendant's argument is once again unsuccessful.

[3] The issue presented in "Defendant's Amended Motion to Suppress Evidence Seized from Defendant's Residence Without a Valid Search Warrant" was whether Defendant was properly served a search warrant during the search of his home. (Dkt. No. 127).

[4] Defendant notes that "this court's Order and Memorandum Opinion (i.e. Documents 78 and 79) clearly identified problems with how law enforcement officers handled the interrogation of defendant." (Dkt. No. 162 at 1). On February 14, 2020, the Court granted Defendant's Motion to Suppress statements that Defendant made during an interview with law enforcement because the Government had not met its burden of establishing that Sergeant Moorhead properly and fully advised Defendant of his *Miranda* rights prior to his statements. (Dkt. No. 79). The truthfulness of Sergeant Moorhead's recounting of events was never in dispute. Indeed, the Court reached its conclusion based on Sergeant Moorhead's testimony—upon which the Court relied—that he administered *Miranda* warnings to Defendant that the Court found to be deficient. *Id*. at 7-11.

6

Because there is no showing that Sergeant Moorhead committed perjury before the Grand Jury, Defendant cannot demonstrate—and indeed does not even allege—that the Government had knowledge of any untruthful testimony by Sergeant Moorhead to the Grand Jury. *United States v. Mershon*, No. 06-329-1, 2010 U.S. Dist. LEXIS 111042, at *20-22 (E.D. Pa. Oct. 19, 2010) (no finding of prosecutorial misconduct where defendant's allegations of perjured testimony of undercover agent before the grand jury could not be substantiated because the undercover agent did not testify before the grand jury); *see also United States v. Cessa*, 861 F.3d 121, 142 (5th Cir. 2017) ("Indeed, even perjured grand jury testimony does not demand dismissal of the indictment under the district court's supervisory power unless the perjury was knowingly sponsored by the government.").

In view of the foregoing, because Defendant has not demonstrated that any prosecutorial misconduct occurred in the form of presentation of perjured testimony before the Grand Jury, there is no basis for dismissing the Indictment.[5] *See United States v. Rodriguez*, 88 F. App'x 548 (3d Cir. 2004) (affirming the district court's decision to deny defendant's motion to dismiss the indictment because there was no evidence that grand jury witnesses provided perjured testimony); *United States v. Sampson*, No. 4:CR-07-389, 2010 U.S. Dist. LEXIS 36400, at *1 (M.D. Pa. Apr. 13, 2010) (denying motion to dismiss indictment because there was no basis for concluding that the decision to indict defendant was the product of law enforcement officers' perjured testimony). Accordingly, Defendant's Motion to Dismiss based on prosecutorial misconduct must fail.

---

[5] Under the circumstances here, the Court will not address whether there has been prejudice to Defendant, because the Court "need not reach the issue of prejudice if there has been no misconduct." *Fisher*, 692 F. Supp. at 502.

## B. Vindictive Prosecution

Defendant argues that the Government has an improper basis for its investigation and is prosecuting him vindictively. (Dkt. No. 162 at 3-4). To support this claim, Defendant recounts that VIPD invaded his home on May 1, 2017, and "seized computers, jump drives and other items." *Id*. at 3. He states that "[o]n August 27, 2018, defendant moved for return of the items via subpoena" and "[i]ncidentally, this Indictment was filed days after defendant subpoenaed the government agents to return the seized items." *Id*. Defendant states that "[t]he timing of this Indictment displays an improper basis for its filing." *Id*. at 4. In sum, Defendant's contention—based solely on the Government's initiation of this action in this Court soon after Defendant subpoenaed the Government to return the items seized from his home—is that the Government is prosecuting him in retaliation for Defendant's subpoena of the Government.[6]

Defendant's bald claim is devoid of any factual or legal support. The Government's filing of the Criminal Complaint, following an investigation that included the execution of search and arrest warrants, and with an Affidavit attached to support probable cause for charging Defendant (Dkt. No. 1, Ex. 1), does not warrant suspicion of vindictiveness solely because of the timing of the Criminal Complaint in relation to Defendant's subpoena of the Government. Prosecutorial vindictiveness does not exist "where the prosecutor's decision to prosecute is based on the usual determinative factors." *Schoolcraft*, 879 F.2d at 67-68. Further, Defendant provides nothing to suggest that the alleged proximity in timing between his subpoena of the Government and the filing of the Criminal Complaint was anything more than coincidence. Vindictive prosecution is

---

[6] Defendant previously argued in his "Supplement to Motion to Suppress Evidence" (Dkt. No. 136) that he "strongly believes that this action was filed because the subpoenas were issued." *Id*. at 2. The Court found this allegation that the Government committed misconduct in initiating this prosecution to be without merit. (Dkt. No. 167 at 20-21). Defendant has recycled this same argument in his Motion to Dismiss for vindictive prosecution and it is once again unsuccessful.

not established "simply because a defendant exercised a legal right and was subsequently indicted for an additional offense." *Baskerville*, 2007 WL 150439, at *2. Moreover, Defendant has offered nothing to suggest that his prosecution is the product of specific animus or ill will on the part of the prosecutor or that absent his subpoena, he would not have been prosecuted. *See Mariani*, 121 F. Supp. 2d at 810 (M.D. Pa. 2000).

Based on the foregoing, Defendant's Motion to Dismiss the Indictment based on vindictive prosecution will be denied.[7]

### IV. CONCLUSION

Having considered all of the foregoing, the Court will deny Defendant's "Motion to Dismiss the Indictment." (Dkt. No. 162). An appropriate Order accompanies this Memorandum Opinion.

Date: May 25, 2023 _____/s/_____
WILMA A. LEWIS
District Judge

---

[7] Defendant additionally argues that he is entitled to the return of the computers that law enforcement seized from his home and "[d]enial of access to the computer means that defendant is prejudiced by not being able to conduct his own review of the contents of the computer." (Dkt. No. 162 at 4). Defendant has provided no legal support for the proposition that this discovery issue provides grounds for dismissal of the Indictment. Defendant may raise the issue by filing a separate discovery motion.