**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.   )<br>)<br>**JAMES LEALAND JOHNSTON,** )<br>)<br>**Defendant.**  ) | **Criminal Action No. 2018–018** |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
   *For the United States*

**Ronald E. Russell, Esq.**
St. Croix, U.S.V.I.
   *For the Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant James Lealand Johnston's "Motion to Dismiss for Speedy Trial Violations" (Dkt. Nos. 163, 164),[1] the United States' Opposition thereto (Dkt. No. 174), and the United States' Supplemental Opposition (Dkt. No. 197). Having considered the Motion and the record in this matter, the Court will deny the Motion.

### I.   BACKGROUND

Defendant was arrested on May 1, 2017 and arraigned in the Superior Court of the Virgin Islands on May 17, 2017 for unlawful sexual contact in violation of 14 V.I.C. § 1708(a)(2). (Dkt. No. 25-1 at 2; *People of the V.I. v. Johnston*, No. SX-17-CR-121 (Super. Ct. 2017)). The United

---

[1] Defendant filed two motions that appear to be identical, with the exception that the more recent docket entry includes an exhibit. (Dkt. No. 164-1). The Court will therefore treat the initial docket entry as moot.

States initiated this action in this Court by filing a Criminal Complaint against Defendant on August 29, 2018. (Dkt. No. 1). Attached to the Criminal Complaint is an Affidavit in Support of Probable Cause, signed by Yusuf J. Adeen, a Special Agent with Homeland Security Investigations. (Dkt. No. 1-1 at 1). Federal authorities arrested Defendant on August 31, 2018 (Dkt. No. 13), and the United States filed a one-count Information against Defendant on September 28, 2018, charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Dkt. No. 25). Defendant was arraigned on October 4, 2018. (Dkt. No. 29). On November 15, 2018, the Grand Jury returned an Indictment against Defendant on the same count that was charged in the Information. (Dkt. No. 37).

Defendant filed the instant "Motion to Dismiss for Speedy Trial Violations" arguing that because "federal agents were intricately involved in [his May 1, 2017] arrest, search and interrogation . . . it was a federal arrest that started the Speedy [T]rial clock." (Dkt. No. 164 at 3). Based on his contention that his May 1, 2017 arrest was a federal arrest, Defendant argues that the "15-month delay between arrest . . . and [his November 15, 2018] indictment on federal child pornography charges violated the federal Speedy Trial Act and his Sixth Amendment rights." *Id*. at 2.

The United States argues that Defendant's May 2017 arrest was not a federal arrest triggering the Speedy Trial clock because such a finding is unsupported by the law. Moreover, the United States maintains that the Speedy Trial Act was not triggered by the May 2017 arrest because the federal Indictment charges Defendant with a different crime from that which was charged in the Superior Court. (Dkt. No. 197).

## II. APPLICABLE LEGAL PRINCIPLES

Congress enacted the Speedy Trial Act to give effect to the Sixth Amendment's speedy trial

guarantee by setting time limits within which various aspects of the criminal trial process must occur. *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). The Speedy Trial Act provides, *inter alia*, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b)). If a defendant is not charged by information or indictment within the thirty-day period established by the Speedy Trial Act, "the information or indictment shall be dismissed on motion of the defendant," with or without prejudice. 18 U.S.C. § 3162(a)(1). The defendant bears the burden of establishing a Speedy Trial Act violation. 18 U.S.C. § 3162(a)(2).

The "Speedy Trial Act's thirty-day clock normally begins to run at the time of a federal arrest." *United States v. Brown*, 445 F. App'x 474, 479 (3d Cir. 2011). An arrest on state charges does not engage the speedy trial protection for a subsequent federal charge, even if the federal charge shares the same facts as the state case. *United States v. Costello*, 720 F. App'x 120, 121 (3d Cir. 2018); *United States v. Rose*, 365 F. App'x 384, 389 (3d Cir. 2010) ("state arrest and state prosecution do not control the speedy trial analysis because the state and federal governments are separate sovereign entities, and the actions of one cannot typically bind the other."); *United States v. Mills*, 964 F.2d 1186, 1189-90 (D.C.Cir.1992) (It is an "undisputed rule that a state arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense."); *United States v. Macdonald*, 456 U.S. 1, 10 n.11 (1982) ("Of course, an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign."); *United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992) ("Section 1361(b) does not prevent a federal indictment more than thirty days after an arrest by state authorities on similar state

charges.").

As noted, "federal speedy trial rights attach only at the time of a federal arrest or institution of a formal federal criminal charge." *United States v. Rose*, 365 F. App'x 384, 389 (3d Cir. 2010). An arrest is not necessarily federal simply because federal officers assist state officers in the investigation and arrest. *United States v. Brown*, 445 F. App'x 474, 479 (3d Cir. 2011) ("an arrest is not necessarily federal merely because federal agents and state officers cooperate with one another"); *United States v. Luna*, No. 00-600, 2002 U.S. Dist. LEXIS 6207, at *7 (E.D. Pa. Apr. 10, 2002) ("Regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by the [Act].") (quoting *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989)). Indeed, courts have held that the Speedy Trial Act clock does not start where a defendant is arrested by federal agents but then immediately turned over to state authorities and charged with state law violations. *United States v. Ferrs*, 503 F. Supp. 187, 190 (E.D. Pa. 1980) (defendant was originally arrested by just federal agents but "was immediately taken into state custody and charged with violations of state law. His initial arrest was thus in connection with state, not federal charges."), *aff'd without opinion*, 676 F.2d 688 (3d Cir. 1982); *United States v. Beede*, 974 F.2d 948, 949 (8th Cir. 1992) ("an arrest by a federal officer who immediately relinquishes control of the arrestee to state officials for state prosecution does not trigger the thirty-day period of § 3161(b)."); *United States v. Amuny*, 767 F.2d 1113, 1120-21 (5th Cir. 1985) ("Although federal officials were involved intimately in the appellants' arrests, they relinquished control over the appellants shortly after the arrest . . . and they did not file any [federal] criminal charges against the appellants at that time. This conduct did not violate the appellants' federal speedy trial rights.").

A state arrest, however, may trigger the Speedy Trial Act "when the Government has

knowledge that an individual is held by state authorities solely to answer to federal charges." *United States v. Costello*, 720 F. App'x 120, 123 (3d Cir. 2018) (citing *United States v. Woolfolk*, 399 F.3d 590, 596 (4th Cir. 2005)). This is known as the "ruse" exception. *Id.*, citing *United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994). Under the ruse exception, state proceedings may trigger the Speedy Trial Act upon a showing of "collusion or evidence that the detention was for the sole or primary purpose of preparing for [federal] criminal prosecution." *Id.*, citing *United States v. Garcia-Martinez*, 254 F.3d 16, 20 (1st Cir. 2001). The Third Circuit has not adopted the ruse exception. *See United States v. Costello*, 720 F. App'x 120, 123 (3d Cir. 2018) ("We have yet to adopt the 'ruse' exception."); *see also United States v. Dyer*, 325 F.3d 464, 468 (3d Cir. 2003) ("Even if we were to conclude that the [ruse] exception is a valid one, [the defendant] has not shown that he would be entitled to invoke it under the circumstances of this case."); *United States v. Penney*, No. 2:19-CR-8, 2020 WL 6048810, at *8 (W.D. Pa. Oct. 13, 2020) ("The Third Circuit, despite several opportunities, has "yet to adopt the 'ruse' exception.")

### III.  DISCUSSION

Defendant argues that the "15–month delay between arrest by the VIPD Officers and Special Agent Yusef Adeem of Homeland Security Investigations[,] a federal official, and indictment on federal child pornography charges violated the federal Speedy Trial Act and his Sixth Amendment rights." (Dkt. No. 164 at 2). Defendant acknowledges that while "a state arrest does not activate the time limits of the Speedy Trial Act, the arrest, interrogation, and seizure of the items taken from [Defendant's] home was not only a state arrest but a joint arrest with federal agents." *Id.* at 3. He argues that "federal agents were intricately involved in the arrest, search and interrogation, and continued access to all property seized." *Id.* As support for his claim, Defendant alleges that "the federal agent had complete control and access to the property seized" and thus

"[t]here is no doubt that the federal agent's involvement in this action began from the seizure of property and a speedy trial clock [began] to run from May 1, 2017." *Id*. at 5.

As an initial matter, it is important to note that the Information (Dkt. No. 25)—dated September 28, 2018—was filed within thirty days of Defendant's August 31, 2018 federal arrest (Dkt. No. 13), thus satisfying the Speedy Trial Act's requirement that an "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). Defendant's contention, however, is that his May 1, 2017 arrest triggered the federal Speedy Trial clock because federal agents were "intricately involved" in the arrest, search, and interrogation, and had continued access to seized property. (Dkt. No. 164 at 3). This argument is without merit.

First, the charges brought against Defendant in this Court are different from those filed in the Superior Court. The Information filed in the Superior Court charged Defendant with Unlawful Sexual Contact in the First Degree (14 V.I.C. § 1708(a)(2)), arising from charges that Defendant allegedly engaged in sexual contact with a minor. (Dkt. No. 197-1 at 1); *People of the V.I. v. Johnston*, No. SX-17-CR-121 (Super. Ct. 2017). By contrast, the Indictment in the instant matter charges Defendant with Possession of Child Pornography (18 U.S.C. § 2252(a)(4)(B)). These are completely different crimes. Defendant provides no legal support for the proposition that an arrest leading to the charging of one crime in state court triggers the Speedy Trial clock for charges involving a different crime in federal court. *See United States v. Hicks*, No. 12-cv-6604, 2013 U.S. Dist. LEXIS 86640, at *14-16 (E.D. Pa. June 19, 2013) (no speedy trial act violation where an indictment filed more than thirty days after the complaint charged different crimes from those in the complaint); *see also United States v. Stevenson*, No. 3:12-CR-145, 2014 U.S. Dist. LEXIS 200168, at *11 (M.D. Pa. Sep. 4, 2014) ("all of the charges added for the first time to the Second

Superseding Indictment are "new" charges [ ] entitled to their own speedy trial period . . . .").[2]

Second, Defendant's argument that his May 17, 2017 arrest under local charges triggered the Speedy Trial clock because federal law enforcement participated in the arrest and subsequent investigation is unsupported by the law and devoid of any factual basis. Close coordination between federal and local law enforcement is hardly unique and it is well established that such coordination alone is insufficient to qualify an arrest as federal. *See Luna*, No. 00-600, 2002 U.S. Dist. LEXIS 6207, at *7 (E.D. Pa. Apr. 10, 2002) (arrest was not federal and defendant's speedy trial rights were not violated where federal agents assisted state police in the surveillance and arrest of defendant and defendant remained in state custody for twenty months before being presented for federal indictment); *United States v. Bocanegra*, 631 F. App'x 871 (11th Cir. 2015) (affirming district court's finding that although defendant's arrest was the result of and at the direction of federal agents, it was not a federal arrest because he was arrested by state agents on state charges); *United States v. Taylor*, 240 F.3d 425, 428 (4th Cir. 2001) ("the fact that the federal officers were present, assisting in the arrests of the defendants by the state officers . . . has never been held in any case to render the state arrest federal.") (citing *United States v. Iaquinta*, 674 F.2d 260, 268 (4th Cir. 1982)).

Nor is this conclusion altered, as Defendant suggests, by the "unique relationship that the

---

[2] In its Supplemental Opposition, the United States notes that "on several occasions, this Court has held that the Speedy Trial Plan applies to territorial charges filed in the Superior Court/Territorial Court, which are then filed in this Court." (Dkt. No. 197 at 6). The Speedy Trial Plan extends the federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174, to prosecutions of territorial crimes in the District Court. *United States v. McIntosh*, 229 F.Supp.2d 431, 435 (D.V.I. 2002) (discussing this Court's extension of "all Speedy Trial Act standards to proceedings resulting from criminal offenses which are in violation of statutes enacted by the Virgin Islands Legislature," (quoting Speedy Trial Plan, Chapter II, § 3(b) n*)). Thus, a territorial arrest begins the Speedy Trial clock for prosecutions of territorial crimes in federal court. However, Defendant has not been charged with any territorial crimes in this matter, and thus this aspect of the Speedy Trial Plan is not applicable here.

federal government has with this territory." (Dkt. No. 164 at 6). While it is true, for example, that the Revised Organic Act of 1954 vests the District Court of the Virgin Islands with concurrent jurisdiction over local felony offenses, s*ee Burgos v. Gov't of the V.I.*, 2023 V.I. Supreme LEXIS 7, at *7 (Apr. 17, 2023), Defendant has cited no authority for the proposition that such jurisdiction affects the application of the Federal Speedy Trial Act to the prosecution of federal crimes in federal court.

Defendant likewise cites no authority for his argument that the federal officers' repeated access to his seized property after the local arrest renders the arrest federal. This argument is equally unavailing. A federal officer's investigation into whether to bring federal criminal charges against an individual does not start the Speedy Trial clock. *See United States v. Dyer*, 325 F.3d 464, 470 (3d Cir. 2003) ("The Speedy Trial Act's time limit is not triggered because an investigating officer contemplates filing federal criminal charges against a person who is in a type of detention that does not otherwise trigger the Speedy Trial Act's time limit."); *United States v. Seals*, 130 F.3d 451, 454 (D.C. Cir. 1997) (federal agents' active participation in investigation after defendants' arrest on state charges did not make the arrest in connection with federal charges); *United States v. Iaquinta*, 674 F.2d 260, 262–69 (4th Cir.1982) (federal investigation undertaken after defendant's arrest on state charges and leading to discovery of additional evidence prompting federal indictment did not mean Speedy Trial Act clock began on date of the original arrest).

In actuality, it appears that Defendant seeks to invoke the ruse exception—an exception that the Third Circuit has not adopted to date—by finding that "state proceedings may trigger the Speedy Trial Act upon a showing of collusion or evidence that the detention was for the sole or primary purpose of preparing for [federal] criminal prosecution." *Costello*, 720 F. App'x at 123 (3d Cir. 2018) ("We have yet to adopt the 'ruse' exception."). Even if the Court were to apply the

ruse exception here, Defendant has made no showing that the exception would apply to the facts of this case. While Defendant alleges that federal agents coordinated with VIPD and investigated the evidence seized from Defendant's home, none of this amounts to a showing of collusion or evidence that the detention was for the sole purpose of preparing for a federal criminal prosecution. *See Penney*, 2020 WL 6048810, at *8 (finding that even if the court were to adopt the "ruse" exception, defendant's allegations that state and federal authorities closely cooperated to make his arrest was insufficient to satisfy the requirements for its application, as "[c]ooperation is not the same as collusion.").

Because Defendant has failed to show that the Speedy Trial Act has been violated under the circumstances here, his Motion to Dismiss for Speedy Trial Violations (Dkt. No. 164) will be denied.

## IV.   CONCLUSION

In view of the foregoing, the Court will deny Defendant's "Motion to Dismiss for Speedy Trial Violations," (Dkt. No. 164), and deny as moot Defendant's earlier filing of virtually the same motion. (Dkt. No. 163).

An appropriate order accompanies this Memorandum Opinion.

Date: November 20, 2023　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　　　　　District Judge