## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2018–0018 |
| | ) | |
| JAMES LEALAND JOHNSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**Attorneys:**

**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
  *For the United States*

**Frederic Chardon Dubos, Esq.**
San Juan, PR
  *For Defendant James Lealand Johnston*

## <u>MEMORANDUM OPINION</u>

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on the United States' ("Government") Motion in Limine (Dkt. No. 123) and Defendant James Lealand Johnston's ("Defendant") Opposition thereto (Dkt. No. 277); Defendant's "Motion to Suppress Evidence Based on the Statement That Was [Suppressed]" (Dkt. No. 165) ("Third Motion to Suppress") and the Government's Opposition thereto (Dkt. No. 172); Defendant's June 2, 2025 Motion to Dismiss (Dkt. No. 284) ("Third Motion to Dismiss") and the United States' Opposition thereto (Dkt. No. 289); Defendant's September 9, 2025 Motion to Suppress (Dkt. No. 304) ("Fourth Motion to Suppress") and the Government's Opposition thereto (Dkt. No. 308); and Defendant's September 9, 2025 Motion to Dismiss (Dkt. No. 304) ("Fourth Motion to Dismiss") and the Government's Opposition thereto (Dkt. No. 308).[1]

_____

[1] On September 29, 2025, Defendant filed a "Motion to Sup[p]ress and to Dismiss" which the Court construes—in line with the clear delineation between the argument Defendant makes for

For the reasons discussed below, the Court will grant in part and deny in part the Government's Motion in Limine. The Court will grant the Motion in Limine, finding that evidence pertaining to the showing of child pornography to K.J.K. is admissible, subject to objections under Rule 403 of the Federal Rules of Evidence, and will deny the Motion in Limine, finding that evidence pertaining to the fondling of K.J.K. is inadmissible. In addition, the Court will deny Defendant's Third Motion to Suppress, Third Motion to Dismiss, Fourth Motion to Suppress, and Fourth Motion to Dismiss.

## I.    BACKGROUND

### A.    Factual Background

The Government alleges that, on March 25, 2017, Sergeant Alexander Moorehead, IV ("Sgt. Moorehead") of the Virgin Islands Police Department ("VIPD") received a complaint that an individual had sexually assaulted a minor. (Dkt. No. 70 at 5). The next day, Sgt. Moorehead took statements from the minor, known to police as K.J.K., and his parents. *Id.* at 7. Based on those statements, Sgt. Moorehead applied for a search and arrest warrant. *Id.* at 11. Pursuant to the search warrant, on May 1, 2017, VIPD detectives seized items from Defendant's residence, including several electronic devices and an orange flash drive[2]. *Id.* at 13; (Dkt. No. 1-1 ¶ 9).

Following the search of the residence and seizure of the property, Defendant was arrested, taken into custody, and transported to a police station. (Dkt. No. 70 at 13). There, he was interviewed

---

suppression and the argument he makes for dismissal—as two separate Motions filed under the same docket number. Therefore, these two Motions are referenced independently throughout this Opinion as Defendant's "Fourth Motion to Suppress" and "Fourth Motion to Dismiss."

[2] The descriptors "flash drive," "thumb drive," and "pen drive" are used interchangeably by the parties to describe the small, orange, electronic storage device which was seized from Defendant's home.

by Sgt. Moorehead, Task Force Officer Lawrence James ("TFO James"), and Special Agent Yusef Adeen ("SA Adeen") of Homeland Security Investigations. *Id.* at 16.

The United States initiated the instant action by filing a Criminal Complaint against Defendant on August 29, 2018. (Dkt. No. 1). Federal authorities arrested Defendant on August 31, 2018 (Dkt. No. 13), and he was released on bond on September 4, 2018 (Dkt. No. 7). The United States filed a one-count Information against Defendant on September 28, 2018, charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). (Dkt. No. 25). On November 15, 2018, the Grand Jury returned an Indictment against Defendant on the same count that was charged in the Information. (Dkt. No. 37).

In a separate proceeding, Defendant was arraigned in the Superior Court of the Virgin Islands on May 17, 2017 for alleged unlawful sexual contact in violation of 14 V.I.C. § 1708(a)(2). *People of the V.I. v. Johnston*, No. SX-17-CR-121 (Super. Ct. 2017). On August 22, 2025, just over a month before the jury trial in that proceeding was scheduled to begin, the prosecution filed a motion to dismiss the case without prejudice because "the alleged victim [did] not want to cooperate in the prosecution[.]" *Id.* The Superior Court granted the motion to dismiss that same day. *Id.*

### B.    Procedural Background

This case has a lengthy procedural history, due in no small part to Defendant's repeated requests for continuances of trial and his filing of multiple motions to suppress and to dismiss. Trial in this matter—originally scheduled for November 15, 2018—has been continued upon Defendant's request thirteen times.[3] (Dkt. Nos. 31, 42, 51, 61, 85, 92, 99, 105, 153, 176, 186, 224, 293). Eleven

---

[3] In his October 16, 2018 Order granting Defendant's first "Unopposed Motion to Continue" trial (Dkt. No. 30), Magistrate Judge George W. Cannon, Jr. ordered that "the time beginning from the date of this order granting an extension through the date of jury selection shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161." (Dkt. No. 31 at 2). This same language was included in all subsequent continuances granted by Magistrate Judge Cannon (Dkt. Nos. 42 at 2, 51 at 2-3, 85 at 2-3, 92 at 3, 99 at 2-3, 105 at 2, 153 at 2-3).

of these motions to continue relied on Defendant's representation that he needed additional time to prepare for trial or to file additional pre-trial motions. (Dkt. Nos. 31, 42, 51, 61, 85, 92, 99, 105, 186, 224, 293). The additional motions to continue were based on representations of logistical impediments to Defendant's ability to present his defense, including, *inter alia*, the unavailability of an essential witness and the unavailability of defense counsel. (Dkt. Nos. 153, 176).[4] Notwithstanding the lengthy history of the case, only the background information necessary to resolve the Motions pending before the Court and to place them in their proper context will be provided below.

### 1.    Motion in Limine

On July 19, 2021, the United States filed a Motion in Limine providing notice of its intent to introduce evidence of Defendant's prior conduct pursuant to Fed. R. Evid. 414 and 404(b)—specifically, that in 2017 Defendant had "touched [the] private parts" of ten-year-old K.J.K., and "forced [him] to watch videos of naked boys and girls." (Dkt. No. 123 at 1). Defendant opposes this Motion, arguing that Fed. R. Evid. 414 ("Rule 414"), which permits introduction of evidence of any

---

Following the transfer of this matter from Magistrate Judge Cannon to Magistrate Judge Emile A. Henderson III, Magistrate Judge Henderson included similar language in his orders granting continuances, excluding time—either between the filing of the motions to continue or the granting of the motions to continue and the date of jury selection—from the speedy trial clock computation of time within which trial must be initiated. (Dkt. Nos. 176 at 2, 186 at 3, 224 at 3).

[4] By contrast, trial in this matter was continued on three occasions independent of Defendant's requests. The Government once requested a continuance due to the unavailability of an essential witness. (Dkt. No. 129). Trial was additionally continued once upon consideration of the Court's calendar with the joint consent of the parties (Dkt. No. 274), and once as necessitated by the filing of Defendant's most recent Motions to Dismiss and Suppress—which were filed approximately one month before trial was set to begin. (Dkt. No. 314).

other child molestation, is not applicable to a violation of 18 U.S.C. § 2252(a)(4)(B). (Dkt. No. 277 at 2).[5]

### 2.    Motions to Suppress[6]

On June 20, 2019, Defendant moved to suppress the statement he gave to police officers during an interrogation following his arrest in 2017. (Dkt. No. 54). Following a hearing on February 14, 2020,[7] the Court granted the Motion and suppressed the statement, finding that the Government had not met its burden of proving Defendant was properly advised of his *Miranda* rights prior to the interrogation. (Dkt. Nos. 78, 79). Then, on July 16, 2021,[8] Defendant moved to suppress all items seized by police officers during the search of his home on the date of his arrest in 2017, asserting that the search had been made without a valid warrant. (Dkt. No. 122). On July 27, 2022, the Court denied this Motion, finding that the physical evidence that the Government recovered during this search was lawfully seized pursuant to a valid search warrant. (Dkt. Nos. 166, 167).

---

[5] It is part of this Court's standard practice that motions in limine are typically due, and resolved, shortly before trial. At the time this Motion in Limine was filed, trial was set to begin on August 30, 2021, and therefore the Court had set a deadline of July 20, 2021 for the filing of motions in limine. (Dkt. No. 114). However, on July 22, 2021, prior to the deadline for Defendant to respond to the Motion in Limine, the Government filed a motion to continue trial. (Dkt. No. 126). This continuance was granted on July 29, 2021, two days after the deadline for Defendant to respond to the Motion in Limine. (Dkt. No. 129). The Motion remained pending, with no opposition having been filed by Defendant, until May 9, 2025 when, in light of the then approaching scheduled trial, the Court provided Defendant with an opportunity to file a long overdue opposition if he so desired. (Dkt. No. 274). On May 13, 2025, Defendant filed his Opposition. (Dkt. No. 277).

[6] The Court notes that Defendant's Motions to Suppress as well as his Motions to Dismiss were all filed long after the Motions deadline which was on December 10, 2018. (Dkt. No. 39).

[7] At this time, trial had been continued at the behest of Defendant. (Dkt. No. 61).

[8] At this time, trial was set to begin on August 30, 2021 (Dkt. No. 114) following a continuance at the behest of Defendant (Dkt. No. 105).

In his Third Motion to Suppress, now before the Court, Defendant seeks the suppression of "all of the items identified in [the suppressed] statement" that he gave during his post-arrest interview. (Dkt. No. 165 at 2).[9] Defendant asserts that federal agents only accessed these items—which he describes as "pornographic material"—*after* his interrogation. *Id.* at 2-3. Defendant argues that this timing indicates that the agents were able to access the pornographic material only as a result of the "detailed information provided" by Defendant in his suppressed statement. *Id.* at 2-3. As such, Defendant contends that the pornographic material is fruit of the poisonous tree and must be excluded. *Id.* at 3. Defendant further argues that without the introduction of this pornographic material at trial, this case should be dismissed. *Id.*

The Government opposes Defendant's Motion, maintaining that the evidence in this case was "seized pursuant to a warrant authorized by the Superior Court . . . during the execution of the warrant and before [Defendant] was questioned at the station." (Dkt. No. 172 at 2). As such, the Government contends that "[t]he evidence was not seized as a result of [the] statement [Defendant] made" and is thus not fruit of the poisonous tree. *Id.*

In his Fourth Motion to Suppress, also currently before the Court, Defendant seeks suppression of "the USB pen drive containing the alleged child pornographic images imputed to defendant[.]" (Dkt. No. 304 at 2). As the basis for suppression, Defendant argues that, given that the minor who is the subject of an alleged molestation by Defendant in the separate Superior Court matter has declined to cooperate in the Superior Court prosecution, "there's no reason to believe the alleged victim will change his mind and testify at any evidentiary hearing or trial" in this matter.

---

[9] At the time the Third Motion to Suppress was filed on July 7, 2022, trial was set to begin on October 24, 2022 (Dkt. No. 176), following a continuance at the behest of Defendant. (Dkt. No. 153).

Defendant further claims that this alleged victim[10] is the only one who can identify the orange flash drive. *Id.*

The Government argues that, as no constitutional claim is made in the Fourth Motion to Suppress, Defendant's argument is "totally lacking in merit." (Dkt. No. 308 at 2).

### 3.     Motions to Dismiss

Defendant previously filed two Motions to Dismiss in this matter. (Dkt. No. 162, 164). The Court denied both Motions, finding that Defendant lacked both factual and legal support for his arguments. (Dkt. Nos. 195, 202).

On June 2, 2025, Defendant filed his Third Motion to Dismiss, currently before the Court. (Dkt. No. 284). In the Motion, Defendant makes three arguments: (1) that neither specific intent to view nor molestation is charged in the Indictment; thus, no evidence of such can be introduced at trial, and without such evidence the Indictment should be dismissed (Dkt. No. 284 at 2); (2) that there are many images on the seized orange flash drive that do not meet the statutory "sexually explicit conduct standard" or "identifiable minor standard," and the Court should therefore find that the elements of the charged Indictment cannot be established beyond a reasonable doubt and dismiss the Indictment (*id.* at 5);[11] and (3) that the "sexually explicit conduct standard" and "identifiable

---

[10] At oral argument, it became clear that Defendant was referring to K.J.K. as the "alleged victim" in this matter. The Court clarifies that no allegation has been made in this matter by the Government or Defendant that K.J.K. is depicted in the pornographic material at issue in this case. Therefore, while K.J.K. is the alleged victim in the Superior Court molestation case, he is not an "alleged victim" in this possession of child pornography matter.

[11] Defendant also asserts that some of these images are family photos and should not be introduced at trial. (Dkt. No. 284 at 5). However, Defendant fails to identify these images in any way. In any event, the Government asserted at oral argument that it has no intention of introducing any family photos at trial. Any such objections can therefore be made and addressed at trial.

minor" standard are unconstitutionally vague such that Defendant has been deprived of fair notice, and the Indictment should be dismissed (*id*. at 5).

The Government opposes the Third Motion to Dismiss, arguing: (1) that the Indictment is facially sufficient to call for a trial (Dkt. No. 289 at 2); (2) that it is for the jury, as the finder of fact, to determine whether the images contained on the orange flash drive meet the statutory standard for sexually explicit conduct (*id*. at 4); and (3) that the definition of "sexually explicit conduct" as used in the statute is susceptible to a common understanding, and is not unconstitutionally vague (*id*. at 6).

On September 29, 2025, Defendant filed his Fourth Motion to Dismiss, also currently before the Court. (Dkt. No. 304). Defendant argues that "once the use of the USB pen drive is suppressed the government cannot present any evidence of child pornography at trial" and therefore "the case should be dismissed for lack of evidence" in accordance with Fed. R. Crim. P. 12(b)(3)(D). *Id*. at 2. The Government opposes this Motion, arguing that a pretrial dismissal of an indictment is not permissible on the basis of a Fed. R. Crim. P. 12(b)(3) motion grounded in an alleged insufficiency of the Government's evidence. (Dkt. No. 308 at 4).

## II.    MOTION IN LIMINE

### A.    Legal Principles

Pursuant to Rule 414(a), "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." For purposes of Rule 414, "child molestation" means, *inter alia*, "any conduct prohibited by 18 U.S.C. Chapter 110[.]" Title 18 U.S.C. § 2252(a)(4)(B), pursuant to which Defendant is being prosecuted, falls within 18 U.S.C. Chapter 110.

A Third Circuit panel has found evidence of prior acts of child molestation to be admissible to show a defendant's propensity towards acts of child molestation pursuant to Rule 414 when the defendant is charged with a violation of 18 U.S.C. § 2252(a)(4)(B). *United States v. Merz*, 396 Fed. App'x. 838, 842 (3d Cir. 2010) ("The charged offenses were proscribed by [C]hapter 110 of [T]itle 18, United States Code qualifying this as a criminal case in which the defendant is accused of an offense of child molestation. . . . Similarly, [defendant's] prior convictions were for child molestation. Accordingly, Rule 414 allows such evidence to be admitted and it can be used to show propensity toward committing such offenses."). If the defendant's prior acts of child molestation are "demonstrated with specificity" and are "sufficiently similar to the type of sexual assault allegedly committed by the defendant," then "Rule 414 provides a presumption in favor of their admission." *Id*. at 843.

Notwithstanding the foregoing, evidence of prior acts of child molestation may still be excluded pursuant to Fed. R. Evid. 403 ("Rule 403") "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id. Merz* advised that courts should look to the following non-exclusive list of factors in evaluating the admissibility under Rule 414 of propensity evidence using the Rule 403 balancing test: "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim" ("the *Johnson* factors"). *Johnson v. Elk Lake Sch. Dist.,* 283 F.3d 138, 156 (3d Cir. 2002); *United States v. Noble*, 42 F.4th 346, 352 (3d Cir. 2022). A Fourth Circuit panel has used a similar list of factors for this analysis, with the addition of "the reliability of the past offense." *United States v. Rice*, 347 Fed. App'x. 904 (4th Cir. 2009) (per curiam). A Tenth Circuit panel has provided

a more extensive list of factors to weigh in conducting this analysis, directing the trial court to examine:

1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence against 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*United States v. Mercer*, 653 Fed. App'x. 622 (10th Cir. 2016) (internal quotations omitted).

Even if not admissible under Rule 414, prior bad act evidence, including evidence of previous acts of child molestation, may still be introduced if it is found to be intrinsic to the charged matter. Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1) ("Rule 404(b)(1)"). However, only evidence found to be "extrinsic"—rather than "intrinsic"—to the charged crime is subject to prohibition under Rule 404(b)(1). *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010); *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999). The Third Circuit recognizes two types of intrinsic evidence: (1) evidence which "directly proves the charged offense"; and (2) "uncharged acts performed contemporaneously with the charged crime [which] facilitate the commission of the charged crime." *Green*, 617 F.3d at 245. Evidence which directly proves an offense is evidence of "an act that is part of the charged offense." *Id*.

Further, even if evidence is inadmissible pursuant to Rule 414 *and* is found to be extrinsic pursuant to Rule 404(b)(1), it may still be introduced if it is for a purpose "probative of a material issue other than character." Fed. R. Evid. 404(b)(2) ("Rule 404(b)(2)"); *Huddleston v. United States*, 485 U.S. 681, 686 (1988). The purpose of Rule 404(b) is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury

needn't worry overmuch about the strength of the government's evidence." *United States v. Green*, 617 F.3d at 249 (citation modified). To be admitted pursuant to Rule 404(b), extrinsic other bad act evidence must: "(1) have a proper, non-propensity purpose; (2) be relevant to that non-propensity purpose; (3) satisfy the requirement under Federal Rule of Evidence 403 that its probative value is not substantially outweighed by the risk of unfair prejudice; and (4) be accompanied by a limiting instruction where requested." *United States v. Miah*, 120 F.4th 99, 110 (3d Cir. 2024).

In determining whether other-act evidence has a proper, non-propensity purpose "the threshold inquiry a court must make . . . is whether that evidence is probative of a material issue other than character." *Huddleston*, 485 U.S. at 682. Whatever the asserted purpose of the other-act evidence, it must be consequential to the outcome of the matter to be a proper purpose. *United States v. Cabrera*, 660 F. App'x 126, 129 (3d Cir. 2016). Rule 404(b) specifically provides "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" as examples of proper, non-propensity purposes. Further, the Third Circuit has identified "supplying helpful background information to the finder of fact" as a proper, non-propensity purpose. *Green*, 617 F.3d at 250.

Evidence is relevant to a non-propensity purpose if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *Green*, 617 F.3d at 251. To show that evidence is relevant to and probative of a proper, non-propensity purpose, the other-act evidence must fit into a "chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *Green*, 617 F.3d at 250 (quoting *United States v. Himel Wright*, 42 F.3d 777, 782 (3d Cir. 1994)); *see also Cabrera*, 660 F. App'x at 129 (internal citations omitted) (holding "the proponent must proffer a logical chain of inference consistent with its theory of the case[.]"). Relevance is "very broad[ly]" defined. *Green*, 617 F.3d

at 251 (citing *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3rd Cir. 2004)).

Of course, evidence introduced as intrinsic to the charged crime and evidence introduced for a non-propensity purpose are still subject to potential exclusion if the Court finds that its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403.

### B.     Analysis

The Government has proffered that it intends to introduce evidence establishing the following:

> K.J.K., 10 years old at the time [of the complaint to Police], had been taking guitar lessons from the defendant on Saturdays from 2016. On March 25, 2017, police received a complaint from K.J.K.'s father that the defendant made his son watch pornography and fondled him. K.J.K. told police that the defendant touched his private parts and that he forced K.J.K. to watch videos of naked boys and girls. [K.J.K.] told the police that it started after Christmas and that the videos were stored on an orange flash drive. On or about May 17, 2017, Virgin Islands Police detectives and Homeland Security Investigations special agents executed a search warrant on the defendant's residence. They found an orange flash drive which contained images of male and female minors engaged in sexual acts with other minors and adults. The government submits that this evidence is highly probative of the defendant's intent, knowledge, and inclination towards child pornography.

(Dkt. No. 123 at 1-2). The Government argues that this evidence is admissible pursuant to Rule 414, and in the alternative, as intrinsic evidence not prohibited under Rule 404(b)(1), and as non-propensity evidence admissible pursuant to Rule 404(b)(2). (Dkt. No. 123).

Defendant opposes the introduction of this evidence, although he only responds directly to the Government's contention that the evidence is admissible pursuant to Rule 414.[12] In this regard,

---

[12] Apparently in response to the Government's alternative arguments that this evidence is admissible both as intrinsic evidence and for permitted uses pursuant to Rule 404(b)(2), Defendant baldly states "there's no need at this point to argue the relevancy or unfair prejudice of any alleged prior bad acts, the Indictment [37] speaks for itself." (Dkt. No. 277 at 3). This is wholly unresponsive.

Defendant argues that "this is not a criminal case where the [D]efendant is accused of molestation," thus rendering Rule 414 inapplicable. (Dkt. No. 277 at 2).

### 1.    Applicability of Rule 414

Defendant is incorrect in his contention that Rule 414 is inapplicable. Defendant has been charged with a violation of 18 U.S.C. § 2252(a)(4)(B). (Dkt. No. 37). For purposes of Rule 414, "child molestation" means "any conduct prohibited by 18 U.S.C. Chapter 110[.]" Rule 414(d)(2)(B). Title 18 U.S.C. § 2252(a)(4)(B) falls within 18 U.S.C. Chapter 110. Accordingly, this is a criminal case where Defendant is accused of child molestation within the meaning of Rule 414, and therefore Rule 414 applies.

### 2.    Rule 414 Presumption of Admissibility

Only a portion of the Government's proffered evidence is entitled to a presumption in favor of admissibility pursuant to Rule 414. Defendant's alleged prior acts of molestation can be separated into two actions: (1) that he fondled K.J.K. and (2) that he made K.J.K. watch child pornography. The Government seeks to introduce evidence of both of these alleged prior acts of molestation. However, the alleged prior act of fondling K.J.K. is not "sufficiently similar to the type of sexual [act] allegedly committed by the defendant" in the instant matter, *Merz*, 396 Fed. App'x at 843—specifically, the possession of videos containing pornographic material of children. The alleged conduct underlying the charges in this matter does not involve physical contact with a child. Indeed, the Government conceded at oral argument that the fondling of K.J.K. and the possession of child pornography are not "similar." Therefore, evidence of Defendant's fondling of K.J.K. is not entitled to a presumption of admissibility under Rule 414.

By contrast, the Court finds that the alleged showing of child pornography to K.J.K. by Defendant *is* sufficiently similar to what is charged here to satisfy the prerequisites for a presumption of admissibility. This is because the showing of child pornography is necessarily an act which would

13

require Defendant to be in possession of the videos—the charged conduct. The Court thus concludes that the alleged showing of the videos is sufficiently similar to the charged conduct to create a *presumption* of admissibility.

Moving to the Rule 403 balancing test, it is apparent that there is an insufficient amount of information on the record to conduct the balancing analysis. It is true that one could conclude that there was a relatively short intervening time period between the alleged showing of pornographic material and the time at which Defendant is alleged to have possessed the child pornography, given that the showing of pornographic material to K.J.K. allegedly started after Christmas of 2016; was reported to the police in March 2017; and the pornographic material which gave rise to the instant charges was found during a search of Defendant's home in May 2017. (Dkt. No. 123 at 10) (indicating that "K.J.K. reported to the police that the defendant's conduct started from after Christmas, indicating that it happened more than once.")). However, due to a lack of information, the other three *Johnson* factors cannot be determined. As to the frequency of the alleged prior acts, the Government stated at oral argument that it is unaware of the number of times that K.J.K. was shown pornographic material. In addition, there is no indication in the record or from oral argument as to whether any intervening events occurred between the alleged showing of pornographic material to K.J.K. and Defendant's alleged possession of child pornography. Further, the Court is not privy to the nature of Defendant's defense or the details of the evidence the Government plans to present at trial, and therefore cannot assess whether there will be a need for additional evidence. Finally, in addition to the *Johnson* factors, because there has been no adjudication regarding the alleged showing of the pornographic material, there is no indication as to "the reliability of the past offense" (*Rice*, 347 Fed. App'x at 905) or "how clearly the prior act has been proved" (*Mercer*, 653 Fed. App'x at 626).

Although the Court finds that the evidence pertaining to Defendant showing pornographic material to K.J.K. is presumptively admissible, the Court will exclude any evidence pursuant to Rule 403 where the prejudicial effect substantially outweighs the probative value, or where any of the other Rule 403 circumstances apply. *Merz*, 396 F. App'x at 843 (citing *Johnson*, 283 F.3d 138 ) ("[Rule 414] evidence can be excluded under Rule 403, which allows for evidence to "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Thus, evidence of Defendant showing pornographic material to K.J.K. has a presumption of admissibility under Rule 414, subject to Rule 403 objections.

### 3. Intrinsic Evidence

Turning to whether the alleged prior acts of molestation are intrinsic to the charged offense, evidence that Defendant allegedly showed K.J.K. "naked boys and girls on an orange thumb drive" is evidence which goes directly to proving the charged offense. Specifically, it is evidence that Defendant "possessed" the orange flash drive on which the child pornography was contained, and had knowledge as to its contents.[13] *See United States v. Browne*, No. CR 20-965, 2022 WL 1063953, at *3 (D.N.J. Apr. 8, 2022) (finding evidence that the defendant visited websites containing child pornography was admissible as intrinsic evidence because the Government had to prove that Defendant acted "knowingly" with respect to the possession of child pornography, meaning that "he was aware that the visual depictions were in fact minors engaging in sexual activity" and evidence

---

[13] The Government also argues that the prior act of molestation "was performed contemporaneously with the charged offense because K.J.K. told the police the defendant stored the images on an orange thumb drive. When the warrant was executed, the forensic agent found child pornography images on the thumb drive. This is a direct connection to the charge." (Dkt. No. 123 at 12). Even assuming— without deciding—that the prior act of molestation was a contemporaneous action, there is no evidence that it facilitated the commission of the crime of possession, and therefore does not meet the standard for the second type of intrinsic evidence.

that Defendant had accessed the platform containing such depictions was "central to the Government establishing that [Defendant] knew the nature of the content forming the instant offenses.") Therefore, such evidence is intrinsic to this matter.

It is of course clear that even intrinsic evidence is subject to the Rule 403 balancing test. *See, United States v. Haas*, 184 F. App'x 230, 234 (3d Cir. 2006) ("We emphasize that even "intrinsic" evidence is subject to Rule 403 balancing."); *United States v. Hodge*, No. CR 2016-0009, 2018 WL 1463684, at *3 (D.V.I. Mar. 23, 2018) (conducting Rule 403 balancing test with regard to intrinsic evidence). Thus, Defendant maintains the right to attempt to demonstrate that the probative value of any piece of such evidence is substantially outweighed by the prejudicial effect or any of the other Rule 403 factors.

While evidence that Defendant showed child pornography to K.J.K. is undoubtedly prejudicial, the issue under Rule 403 is whether the probative value is substantially outweighed by its prejudicial effect. The ability to exclude this evidence under Rule 403 will likely present a high bar in view of the highly probative nature of Defendant's knowing and continued possession of the orange flash drive and the images it contained, and the centrality of such challenged evidence to the case. *See United States v. Baer*, 843 F. App'x 472, 478 (3d Cir. 2021) (holding that evidence that the defendant had accessed a computer shortly before it was used to download child pornography was "highly probative" since the defendant's "use of the computer was at the heart of the case."). Nonetheless, the admissibility of intrinsic evidence that Defendant showed child pornography to K.J.K remains subject to Rule 403 objections.

Finally, evidence of Defendant allegedly "fondling" K.J.K. would not be intrinsic under the "directly proves" standard, as there is no allegation in the Indictment of Defendant making physical contact with minors, nor has the Government made any showing that the fondling "facilitate[d] the

commission of the charged crime." *Green*, 617 F.3d at 245. Therefore, evidence of the "fondling" is not admissible at trial as intrinsic to this matter.

### 4.     Evidence Under Rule 404(b)(2)

Evidence that Defendant made K.J.K. watch "naked boys and girls on an orange thumb drive" is admissible as knowledge evidence pursuant to Rule 404(b)(2). The Government has identified a proper, non-propensity purpose for this evidence—specifically, Defendant's *knowing* possession of the videos contained on the orange flash drive. Dkt. No. 123 at 13; *Miah*, 120 F.4th at 110. A clear logical chain of inferences is present without regard to propensity evidence because evidence that Defendant showed K.J.K. pornography goes directly to the issue of whether Defendant possessed the flash drive and whether he knew the nature of the contents of the flash drive. *Green*, 617 F.3d at 250 ("The evidence must fit "into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.") (internal citation omitted). Further, this evidence is of probative value in response to Defendant's contention, as raised at oral argument, that Defendant was just the "middle man" for the orange flash drive between whoever produced the videos and K.J.K. who viewed them, and Defendant did not see what the orange flash drive contained.

A Third Circuit panel has upheld a district court's choice to admit evidence of the manner in which child pornography was stored as "highly probative" of the fact that Defendant's possession of the child pornography was without mistake, knowing, and voluntary. *Merz*, 396 F. App'x at 844. Here, given, the highly probative value of this evidence, it will again present a high bar to succeed on a Rule 403 challenge. *Id.*; *see also United States v. Lee*, 701 F. App'x 175, 183 (3d Cir. 2017) (holding that 404(b)(2) evidence which rebutted the defendant's arguments that his possession of child pornography was mistaken or unknowing, while "unquestionably prejudicial" given its graphic nature, did not result in "unfair prejudice" which outweighed its probative value). Nonetheless, as

with the other evidentiary issues, Defendant's right to make a Rule 403 challenge remains in the Rule 404(b)(2) context as well. *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013) (citing *Green,* 617 F.3d at 249; *Huddleston*, 485 U.S. at 691-92) ("Prior-acts evidence is admissible only if it is (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement . . .").

The alleged evidence of fondling does not fare as well in that the Government has not identified any non-propensity purpose for the evidence of Defendant allegedly fondling K.J.K. Therefore, evidence of the fondling is not admissible under Rule 404(b)(2).

In sum, given the Government's theory of the case and proffered evidence, the Court finds that evidence pertaining to Defendant showing K.J.K. child pornography is presumptively admissible in this case pursuant to Rule 414. The Court also finds that this evidence is admissible as intrinsic evidence to the offense charged, and as knowledge and lack of mistake evidence pursuant to Rule 404(b)(2). All of the Court's findings as to admissibility are, however, subject to Rule 403 objections. [14]

In view of the foregoing, the Court will grant the portion of the Government's Motion in Limine (Dkt. No. 123) requesting a finding of admissibility of the evidence that Defendant showed K.J.K. child pornography, subject to Rule 403 objections. However, the Court will deny the portion of the Government's Motion in Limine (Dkt. No. 123) requesting a finding that the fondling of K.J.K. is admissible under Rule 414; admissible as intrinsic evidence to the offense charged; or admissible as knowledge and lack of mistake evidence pursuant to Rule 404(b)(2).

---

[14] In other words, if at trial it appears that the nature of a particular piece of evidence the Government seeks to introduce to show Defendant made K.J.K. watch child pornography is more prejudicial than probative—*i.e*., a particular line of testimony, photograph, page of a report, etc.—Defendant is free to raise a Rule 403 objection at that time. The Court's ruling that evidence used by the Government to prove Defendant showed child pornography to K.J.K. is generally admissible does not waive Defendant's right to object to the introduction of a particular item of evidence pursuant to Rule 403.

### III.    MOTIONS TO SUPPRESS

#### A.    Legal Principles

The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV. A police officer who stops, searches, or arrests someone without the proper justification violates that constitutional protection. To remedy such violations, the Supreme Court adopted the exclusionary rule, under which evidence may be "suppressed" at trial. *Weeks v. United States*, 232 U.S. 383, 392 (1914); *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *United States v. Peltier*, 422 U.S. 531, 542 (1975).

A defendant may file a motion for "suppression of evidence" challenging the constitutionality of a search or seizure. Fed. R. Crim. P. 12(b)(3)(C).  To invoke the exclusionary rule "a defendant must demonstrate that his own Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Blackman*, 407 F. App'x 591, 595 (3d Cir. 2011). In doing so, the defendant must assert "that a violation occurred and allege facts that, if true, would support a finding that the evidence in question was obtained in violation of the defendant's constitutional rights." *United States v. Hines*, 628 F.3d 101, 105–06 (3d Cir. 2010); *United States v. Davis*, No. 18-CR-641, 2022 WL 5242284, at *2 (D.N.J. Oct. 6, 2022). "To satisfy this standard, a defendant's motion must identify a constitutional violation at the outset and connect it to the evidence in question[.]" *Hines*, 628 F.3d at 106. Generally, once a motion to suppress has been made, "the government bears the burden of showing [by a preponderance of the evidence] that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261-69 (3d Cir. 2005); *United States v. Bey*, 911 F.3d 139, 145 n. 26 (3d Cir. 2018).

The exclusionary rule "encompasses both the primary evidence obtained as a direct result of an illegal search or seizure and . . . evidence later discovered and found to be derivative of an

illegality, the so-called fruit of the poisonous tree." *Utah v. Strieff*, 579 U.S. 232, 237 (2016) (citation modified); *See United States v. Curry*, 158 F.4th 153, 159 (3d Cir. 2025), amended, No. 22-2501, 2025 WL 2990739 (3d Cir. Sept. 16, 2025) (comparing evidence with a direct relationship to the alleged unlawful conduct and "something derivative, what Justice Frankfurter called the 'fruit of the poisonous tree'" in ruling on a motion to suppress). However, not every Fourth Amendment violation triggers the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 906 (1984) ("Whether the exclusionary sanction is appropriately imposed in a particular case is . . . 'an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct.'" (quoting *Illinois v. Gates*, 462 U.S. 213, 223 (1983)); *Davis v. United States*, 564 U.S. 229, 244 (2011).

As a preliminary matter, in order for the exclusionary rule to apply, the constitutional violation must be the "but-for cause" of the discovery of evidence. *Segura v. United States*, 468 U.S. 796, 815 (1984) ("[O]ur cases make clear that evidence will not be excluded . . . unless the illegality is at least the 'but for' cause of the discovery of the evidence."). In other words, "[s]uppression of evidence as 'fruit of the poisonous tree' is only justified if 'the challenged evidence is in some sense the product of illegal governmental activity.'" *United States v. Miller*, 267 F. App'x 152, 154 (3d Cir. 2008) (quoting *Segura*, 468 U.S. at 815); *see also Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (observing that the relevant question is whether, "granting establishment of the primary illegality, the [challenged evidence] has been come at by exploitation of that illegality[.]").

However, "but-for causality is only a necessary, not a sufficient, condition for suppression." *Hudson v. Michigan*, 547 U. S. 586, 592 (2006). Even a "but-for cause . . . can be too attenuated to justify exclusion." *Id.* (citing *United States v. Ceccolini*, 435 U.S. 268, 274-75, (1978)); *see also Strieff*, 579 U.S. at 232 (noting that there are "several exceptions" to the exclusionary rule, including "the attenuation doctrine, which provides for admissibility when the

20

connection between unconstitutional police conduct and the evidence is sufficiently remote or has been interrupted by some intervening circumstance."). Accordingly, even where illegal conduct led to the discovery of evidence, suppression of that evidence is not warranted where the causal connection between the illegal conduct and evidence has "become so attenuated as to dissipate the taint" from the illegal conduct. *Nardone v. United States*, 308 U.S. 338, 341 (1939); *cf. New York v. Harris*, 495 U.S. 14, 19 (1990) ("[T]he indirect fruits of an illegal search or arrest should be suppressed when they bear a sufficiently close relationship to the underlying illegality."). In making this determination, the "temporal proximity" between the illegal conduct and the discovery of the evidence, the "presence of intervening circumstances," and "the purpose and flagrancy" of the illegal conduct are all relevant considerations. *Brown v. Illinois*, 422 U.S. 590, 603-04 (1975).

### B.    Third Motion to Suppress (Dkt. No. 165)

Defendant argues that, because the statements he made during his interrogation were suppressed, "all of the items identified in this [suppressed] statement must be inadmissible as evidence." (Dkt. No. 165 at 2).  In its Opposition, the Government argues, *inter alia*, that the physical evidence "was not seized as a result of [the] statement the defendant made . . . ." (Dkt. No. 172 at 2). Rather, it asserts that "[t]he evidence was seized during the execution of the warrant and before the defendant was questioned at the station." *Id.*

It is undisputed that the property seized from Defendant was collected during the search of Defendant's house. (Dkt. No. 1 at 3). Defendant's argument is premised on a factual narrative—that the seized items were found as a result of his suppressed statement—that is in direct conflict with his previous assertion that he was handcuffed, his house searched, and only then was he taken to the police station for questioning. (Dkt. No. 119 at 5-6). This order of events—specifically Defendant's interrogation occurring *after* the search of his home and the seizure of items from it— is further supported by the two separate instances in which Sgt. Moorehead provided testimony regarding this

search—once on September 30, 2019 (Dkt. No. 70 at 13), and again on July 7, 2025. SA Adeen also corroborated this order of events in his testimony on July 7, 2025. Further, at oral argument on the instant Motion, Defendant conceded that he had nothing to refute this order of events. Therefore, the Court finds that the seized property was gathered prior to the making of Defendant's suppressed statement.

The Court further notes that Defendant has not described what evidence he allegedly identified in his suppressed statement. However, the Court gathered from Defendant's oral argument on the instant Motion that the focus of the Motion was the orange flash drive seized from Defendant's house. To the extent that this evidence—as well as all other evidence gathered from Defendant's house—was recovered *before* he gave his statement it cannot be suppressed as fruit of the poisonous tree. *See United States v. Norfleet*, 143 F. App'x 645, 652 (6th Cir. 2005) (explaining that evidence obtained before a constitutional violation "cannot be a fruit" of such violation); *United States v. Hernandez-Orellana*, No. 05CR1282-J, 2006 WL 8439365, at *7 (S.D. Cal. May 25, 2006) (denying a motion to suppress evidence as fruit of the poisonous tree because the evidence was obtained before the constitutional violation occurred). Thus, the fruit of the poisonous tree doctrine cannot serve as a basis to suppress the evidence.

Because Defendant has not put forward any proper basis for the suppression of any identified physical evidence in his Third Motion to Suppress, and the Court has previously upheld the validity of the search resulting in the seizure of property from Defendant's home (Dkt. No. 166, 167 at 21-22), the Court will deny Defendant's Third Motion to Suppress.

Additionally, as part of his Third Motion Suppress, Defendant seeks an order dismissing the case, arguing that the Government has insufficient evidence to satisfy its burden without relying on the evidence he seeks to have suppressed. (Dkt. No. 165 at 3). As discussed above, however, Defendant's Third Motion to Suppress lacks merit and will be denied. Thus, the premise upon which

the request for dismissal is grounded fails. Moreover, this is not the proper stage in the proceedings for Defendant to bring a motion challenging the sufficiency of the Government's evidence. *See United States v. Lang*, No. CR 2015-0013, 2019 WL 1231670, at *4 (D.V.I. Mar. 15, 2019) ("In general, challenges to the sufficiency of the prosecution's evidence are properly lodged through a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 after the prosecution has had an opportunity at trial to present its case."). For these reasons, Defendant's request for dismissal cannot stand.

### C.    Fourth Motion to Suppress (Dkt. No. 304)[15]

In his Fourth Motion to Suppress, Defendant seeks to suppress "the USB pen drive containing the alleged child pornographic images" on the grounds that, he believes, there will be no one to identify it. (Dkt. No. 304 at 2). As an initial matter, the Government provided the testimony of two witnesses, Sgt. Moorehead and SA Adeen, at the hearing on the Third Motion to Suppress, who indicated they were present when Defendant's home was searched, and watched the orange flash drive being collected into evidence. Both individuals, would, therefore, have firsthand knowledge of the seizure of the orange flash drive, thus allowing them to identify it.

Moreover, the Defendant's Fourth Motion to Suppress fails to "identify a constitutional violation" of any type so as to warrant an inquiry to determine whether a constitutional right has been violated. *See Hines*, 628 F.3d at 105–06. In addition, at bottom, Defendant's challenge is one

---

[15] The Court notes that no hearing was held on the Fourth Motion to Suppress. (Dkt. No. 304). An evidentiary hearing on a motion to suppress is not granted as a matter of course. *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010). The minimum requirement for a defendant's motion to suppress to merit a hearing is that it must be "sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." *Id.* The Fourth Motion to Suppress presents no "colorable constitutional claim" as it has presented no constitutional claim of any sort. Thus, no hearing was necessary for its adjudication.

to the sufficiency of the Government's evidence against him. This Court has previously held that it is "aware of no authority . . . which supports the proposition that a challenge to the sufficiency of the Government's evidence against Defendant provides a proper basis for a motion to suppress" nor has Defendant cited any such authority. *Lang*, 2019 WL 1231670 at *4.

In sum, the Court concurs with the Government's conclusion that the Fourth Motion to Suppress is "totally lacking in merit." (Dkt. No. 308 at 2). Accordingly, the Court will deny the Fourth Motion to Suppress (Dkt. No. 304).

### IV.    MOTIONS TO DISMISS

#### A.    Legal Principles

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." The Supreme Court has established that an individual's Fifth Amendment rights are violated if the Government takes "someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). Evidence of unconstitutional vagueness can be found in the failure of the judiciary's "persistent efforts . . . to establish a standard." *Johnson* 576 U.S. at 598.

"An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. U.S.*, 350 U.S. 359, 362 (1956). An indictment is facially sufficient to survive a motion to dismiss so long as it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what

he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution" ("the *Rankin* standard"). *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir.1989); *United States v. Vitillo,* 490 F.3d 314 (3d Cir.2007); *United States v. Mattia*, 157 F.4th 305, 309 (3d Cir. 2025). Detailed allegations are not required for an indictment to be valid. *United States v. Resendiz–Ponce*, 549 U.S. 102, 110 (2007). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *Rankin,* 870 F.2d at 112.

"A pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.'" *United States v. Bush*, 741 F. App'x 110, 121 (3d Cir. 2018); *United States v. Bergrin,* 650 F.3d 257, 265 (3d Cir. 2011); *United States v. DeLaurentis,* 230 F.3d 659, 660–61 (3d Cir. 2000); *United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979) ("The sufficiency of an indictment may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence."). In fact, the Third Circuit has broadly held that "evidentiary questions should not be determined at the [motion to dismiss] stage." *Id.* At this stage, the trial court should resolve "only those objections that are capable of determination without the trial of the general issue." *Id.* As previously noted, "challenges to the sufficiency of the prosecution's evidence are properly lodged through a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 after the prosecution has had an opportunity at trial to present its case." *Lang*, 2019 WL 1231670, at *4.

## B.    Analysis

### 1.    Unconstitutional Vagueness

The Court will first address Defendant's argument, made in his Third Motion to Dismiss, that "the sexually explicit conduct standard and the identifiable minor standard" of 18 U.S.C. §

2252(a)(4)(B) "are constitutionally vague" as a matter of law, and for that reason the Indictment (Dkt. No. 37) should be dismissed. (Dkt. No. 284 at 5-7).

Title 18 U.S.C. § 2252(a)(4)(B) contains no "identifiable minor" standard. To be found in violation of the statute, it is required that the visual depiction involve "a minor," who is defined as "any person under the age of eighteen years." 18 U.S.C. § 2252(a)(4)(B); 18 U.S.C. § 2256(a). Therefore, Defendant's argument on this point necessarily fails.

Title 18 U.S.C. § 2252(a)(4)(B) falls within 18 U.S.C. Chapter 110. The statutory definition of "sexually explicit conduct," as used in 18 U.S.C. Chapter 110, is: "i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A). Defendant conceded at oral argument on this matter that 18 U.S.C. §§ 2256(2)(A)(i)-(iv) are not unconstitutionally vague. Therefore, his challenge is solely to 18 U.S.C. § 2256(2)(A)(v)—the "lascivious exhibition of the genitals or pubic area of any person."

The Third Circuit has held, in examining a separate statute regarding child pornography, that "although the meaning of lasciviousness [in the context of lascivious exhibition of the genital or pubic area] is far from crystal clear, it is not unconstitutionally vague or overbroad." *United States v. Knox*, 32 F.3d 733, 752 (3d Cir. 1994). Title 18 U.S.C. § 2252(a)(4)(B) has also withstood challenges for unconstitutional vagueness in other courts. *See United States v. Lantz*, No. CR-2-08-015, 2009 WL 1107708 at *1 (S.D. Ohio April 22, 2009) ("The Court therefore finds that 18 U.S.C. § 2252 has already withstood a constitutional vagueness challenge in the Sixth Circuit . . . Section 2252(a)(4)(B) provides adequate notice to people of ordinary intelligence about the conduct it proscribes, namely, knowingly possessing sexually explicit images of actual children. The statute is therefore constitutional on its face."); *United States v. Woods*, 730 F. Supp. 2d 1354, 1366 (S.D. Ga.

2010), *aff'd*, 684 F.3d 1045 (11th Cir. 2012) ("Notably . . . 'sexually explicit conduct' is specifically described as actual or simulated sexual intercourse between persons of the same or opposite sex; 'bestiality; . . . masturbation; . . . sadistic or masochistic abuse; or . . . lascivious exhibition of the genitals or pubic area of any person . . . .' The Court finds that these detailed and specific definitions give fair notice of what type of conduct is prohibited.").

Consistent with the foregoing authorities, the Court concludes that 18 U.S.C. § 2252(a)(4)(B) is not unconstitutionally vague. The Court will therefore deny the "constitutionally vague" portion of Defendant's Third Motion to Dismiss.

## 2.    Remaining Arguments

Defendant's remaining arguments for the dismissal of this matter spread between his Third Motion to Dismiss (Dkt. No. 284) and Fourth Motion to Dismiss (Dkt. No. 304). Specifically, Defendant argues: 1) that neither specific intent to view nor molestation is charged in the Indictment, which means that no evidence of such can be introduced, and without which the Indictment should be dismissed (Dkt. No. 284 at 2); (2) that there are many images on the seized flash drive that do not meet the statutory sexually explicit conduct standard or identifiable minor standard, and upon reviewing this evidence the Court should find that the elements of the charged Indictment cannot be proved beyond a reasonable doubt, and therefore the Indictment should be dismissed (*id*. at 5); and (3) that "once the use of the USB pen drive is suppressed [following the adjudication of Defendant's Fourth Motion to Suppress] the government cannot present any evidence of child pornography at trial in the above captioned case" and therefore "the case should be dismissed for lack of evidence" in accordance with Fed. R. Crim. P. 12(b)(3)(D) (Dkt. No. 304 at 2).

Turning first to examine whether the Indictment is facially sufficient to survive a motion to dismiss under the *Rankin* standard, the Indictment alleges:

On or about May 1, 2017, at St. Croix, in the District of the Virgin Islands, the defendant . . . did knowingly possess the following matter, to wit: a thumb drive containing visual depictions that had been mailed, shipped, and transported in interstate and foreign commerce, and which were produced using materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including computer, the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), and which visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(Dkt. No. 37).  Defendant is charged with knowing possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

The Indictment (Dkt. No. 37) meets the *Rankin* standard requirements for facial sufficiency. First, it contains the elements of 18 U.S.C. § 2252(a)(4)(B)—namely, that Defendant "knowingly" "possesse[d]" "matter which contain[s] any visual depiction [for which] the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct[;]" "such visual depiction is of such conduct[;]" and "has been  . . . transported using any means . . . of interstate or foreign commerce . . . or was produced using materials which have been so transported."  18 U.S.C. § 2252(a)(4)(B). Second, it includes a factual orientation and a specification of the time period in which the alleged possession occurred, and therefore sufficiently apprises Defendant of the charges which he must be prepared to meet. *Reed v. United States of America*, No. 1:15-CR-00193-1, 2021 WL 5003407, at *5 (M.D. Pa. Oct. 28, 2021) (holding that "a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements," and "'detailed allegations' are unnecessary") (*quoting United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013). Third, it specifies the time of possession—May 1, 2017—and material possessed—a thumb drive containing visual depictions of a minor engaging in sexually explicit conduct—so that Defendant may plead a former acquittal or conviction in the event of a subsequent prosecution for charges pertaining to these same images. The Court thus concludes that the Indictment is facially sufficient to survive a motion to dismiss.

Also without merit is Defendant's contention that the Indictment should be dismissed because there is "no charge of an intent to view or even a molestation mention[ed] in the Indictment[;]" that therefore minor K.J.K. cannot testify as to either Defendant's intent to view or "the acts of alleged molestation[;]" and that "without this evidence the Indictment [37] should be dismissed[.]" (Dkt. No. 284 at 2-3).  There is no need to prove, or even allege, that Defendant molested K.J.K., or that Defendant had an intent to view the child pornography he allegedly possessed, for him to be found guilty of violating 18 U.S.C. 2252(a)(4)(B). The statute at issue describes an offense that can be committed in two separate ways—by possession *or* access with intent to view. 18 U.S.C. § 2252(a)(4)(B); *United States v. Daniels*, No. CR 23-21, 2024 WL 1078434, at *2 (E.D. Pa. Mar. 12, 2024). "The plain and literal meaning of the words 'either ... or' suggests that Congress enacted [§ 2252(a)(4)(B)] intending to create a single, criminal offense that may be committed in two alternative ways." *Id.* (citing *United States v. Rigas*, 605 F.3d 194, 208 (3d Cir. 2010)). In the instant matter, Defendant is alleged to have violated 18 U.S.C. § 2252(a)(4)(B) by possession—not access with intent to view—and therefore there is no need for the Government to prove that Defendant accessed the child pornography in question with an intent to view it.

Defendant's argument that "there are many repeated images of alleged minors that also neither meet the sexually explicit standard or the identifiable minor standard," and the Court should therefore review the evidence and "make a finding that the elements of the charged Indictment cannot be proven beyond a reasonable doubt" (Dkt. No. 284 at 5) fares no better. As previously noted, 18 U.S.C. § 2252(a)(4)(B) contains no "identifiable minor" standard. Therefore, Defendant's argument that the Government's evidence does not meet the "identifiable minor standard" is entirely without basis. As for whether the images at issue meet the sexually explicit standard, that is a question for the jury as the finder of fact, not for the Court. *See United States v. Poulin*, 592

F.Supp.2d 132, 136 (D. Me. 2008) (It is "up to the jury to determine whether the images . . . constitute visual depictions of sexually explicit conduct.") (citing *United States v. Wilder*, 526 F.3d 1, 12 (1st Cir. 2008). Sexually explicit conduct has been defined as, *inter alia*, a "lascivious exhibition of the . . . genitals." *United States v. Hillie*, 39 F.4th 674, 688 (D.C. Cir. 2022). "Lascivious is a commonsensical term, and whether a given depiction is lascivious is a question of fact for the jury." *United States v. Frabizio*, 459 F.3d 80, 85 (1st Cir. 2006) (internal quotation omitted); *United States v. Rayl*, 270 F.3d 709, 714 (8th Cir. 2001) ("Of course, the question whether materials depict 'lascivious exhibition of the genitals,' an element of the crime, is for the finder of fact."); *United States v. Arvin,* 900 F.2d 1385, 1390 (9th Cir.1990) ("There is a consensus among the courts that whether the item to be judged is lewd, lascivious, or obscene is a determination that lay persons can and should make."); *Frabizio*, 459 F.3d at 85 ("The courts are also in agreement that the term 'lascivious' is sufficiently well defined to provide persons of reasonable intelligence, guided by common understanding and practices, notice of what is permissible and what is impermissible.").

Finally, Defendant argues that "once the use of the USB pen drive is suppressed the government cannot present any evidence of child pornography at trial in the above captioned case" and therefore "the case should be dismissed for lack of evidence due to suppression of evidence" in accordance with Fed. R. Crim. P. 12(b)(3)(D). (Dkt. No. 304 at 2). This argument is predicated on the Court granting Defendant's Fourth Motion to Suppress (Dkt. No. 304 at 1-2), which the Court has found to be meritless.

In view of the foregoing, the Court concludes that the remaining arguments in Defendant's Third (Dkt. No. 284) and Fourth (Dkt. No. 304) Motions to Dismiss are without merit. Accordingly, those motions will be denied.

## V.    CONCLUSION

For the above stated reasons, the Court will grant in part and deny in part the Government's Motion in Limine (Dkt. No. 123). The Court will grant the Motion in Limine, to the extent of its finding that evidence pertaining to the showing of child pornography to K.J.K. is admissible, subject to objections under Rule 403 of the Federal Rules of Evidence, and will deny the Motion in Limine, to the extent of its finding that evidence pertaining to the fondling of K.J.K. is inadmissible. In addition, the Court will deny Defendant's Third Motion to Suppress (Dkt. No. 165), Third Motion to Dismiss (Dkt. No. 284), Fourth Motion to Suppress (Dkt. No. 304), and Fourth Motion to Dismiss (Dkt. No. 304).

An appropriate Order accompanies this Memorandum Opinion.

Date:  January 25, 2026

_____/s/_____
WILMA A. LEWIS
Senior District Judge