## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF SAINT CROIX

UNITED STATES OF AMERICA  :

  v.         :   **CRIMINAL NO. 1:18-18**

JAMES LEALAND JOHNSTON :   **(JUDGE MANNION)**
a/k/a J.J. ROCKS,

            :

   **Defendant**

### MEMORANDUM

Pending before the court is the government's motion *in limine* to exclude the use or introduction of a prior judicial finding made by Virgin Islands Superior Court Judge Jomo Meade regarding the credibility of Virgin Islands Police Sergeant Alexander Moorhead with respect to his testimony in a suppression hearing in an unrelated criminal case. (**Doc. 177**). For the reasons stated herein, the motion will be **GRANTED**.

### I. BACKGROUND

Defendant James Lealand Johnston is charged with one count of possession of child pornography, in violation of 18 U.S.C. §2242(a)(4)(B). (Doc. 37). The charge stems from the May 1, 2017, arrest and search of the defendant's residence pursuant to warrants obtained by Sgt. Alexander Moorhead, whom the government intends to call as a witness at trial.

On October 26, 2021, following a suppression hearing in a separate and unrelated case, Virgin Islands Superior Court Judge Jomo Meade found that Sgt. Moorhead's testimony that he had smelled marijuana emanating from a truck during a traffic stop was not credible, even though marijuana was ultimately seized. *People of the Virgin Islands v. Smith*, 2021 WL 5038981, at *13-14 (V.I. Super. Ct. Oct. 26, 2021). The court reasoned that there was "no evidence that Sgt. Moorhead has any specialized form of training or natural attributes which would enable him, while standing outside the cab of a truck, to smell marijuana that was inside a zip-lock bag, wrapped in a shopping bag, placed inside a backpack that was in the cabin of the truck." *Id.* at 12. The court concluded that Sgt. Moorhead's claim that he smelled marijuana "appears to be a pretext to conduct a search that was beyond the scope of an administrative regulatory inspection." *Id.* at 14.

On October 11, 2022, the government filed the present motion *in limine* to preclude the use or introduction of Sgt. Moorhead's prior testimony. (Doc. 177). On December 2, 2022, the defendant filed his response. (Doc. 180). Thus, the motion is ripe for review.

## II.    LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted

evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. Of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." *United States v. Tartaglione*, 228 F.Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III.    DISCUSSION

Federal Rule of Evidence 608(b) concerns the use of a witness' prior conduct for impeachment purposes. It states in relevant part:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness.

Fed.R.Evid. 608(b). Simply put, "[i]f the conduct is probative of the witness's character for truthfulness, a party may inquire of that conduct on cross-examination, but *may not* offer extrinsic evidence of the conduct." *Andrade v. Walgreens-Optioncare, Inc.*, 784 F.Supp.2d 533, 536 (E.D.Pa. 2011) (emphasis in original). Further, "the term 'extrinsic evidence,' as used in Rule 608(b), encompasses documentary evidence." *United States v. Nelson*, 365 F.Supp.2d 381, 389 (S.D.N.Y 2005). Thus, "a party may ask a witness on cross-examination about a specific instance of conduct probative of that witness's character for truthfulness, but '[i]f the witness denies the conduct . . . the questioning party must take the witness' answer.'" *Andrade*, 784 F.Supp.2d at 536 (quoting *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999)).

- 4 -

Here, Judge Meade's judicial finding regarding the credibility of Sgt. Moorhead's testimony in the *Smith* case constitutes inadmissible extrinsic evidence. *See United States v. Davis*, 183 F.3d 231 (3d Cir. 1999) (concluding that a credibility finding is inadmissible extrinsic evidence under Rule 608(b)). Additionally, neither Judge Meade's finding nor Sgt. Moorhead's prior testimony are necessarily probative of Sgt. Moorhead's character for truthfulness. As the government aptly notes in its brief:

> Judge Meade did not find that Moorhead *couldn't* have smelled what he said he smelled; instead, Judge Meade found that the wrapping around the marijuana and the fact that others present at the scene did not say they smelled it, suggested Moorhead's claim was not credible.

(Doc. 177 at 4). Judge Meade's finding does not necessarily suggest untruthfulness on the part of Sgt. Moorhead. One could theorize a multitude of reasons why he might have smelled, or thought he smelled marijuana where others did not. For example, he could have truthfully smelled marijuana coming from the vehicle, and not necessarily from the packaged marijuana that was seized. Alternatively, he could have mistakenly, but not untruthfully, thought he smelled marijuana. Sgt. Moorhead's testimony and Judge Meade's finding with respect thereto, therefore, are not necessarily

probative of truthfulness. To the extent they could be, the court finds that their probative value would be minimal.

Furthermore, the Third Circuit "has given district courts wide discretion in limiting cross-examination. 'A restriction will not constitute reversible error unless it is so severe as to constitute a denial of the defendant's right to confront witnesses against him and it is prejudicial to substantial rights of the defendant.'" *United States v. Casoni*, 950 F.2d 893, 918-19 (3d Cir. 1991) (quoting *United States v. Adams*, 759 F.2d 1099, 1100 (3d Cir. 1985)). The Third Circuit has noted that "[t]he Sixth Amendment gives a defendant the right to cross-examine the government's witnesses for possible bias." *United States v. John-Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014). However, "[a] district court retains 'wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Id.* (quoting *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005) (quoting *Delaware v. Van Arsdall*, 474 U.S. 673, 679 (1986))).

To determine whether a limitation on cross-examination would violate the Confrontation Clause, the court should consider: "(1) whether the limitation [would] significantly limit[ ] the defendant's right to inquire into a

- 6 -

witness's motivation for testifying; and (2) whether the constraints imposed [fall] within the reasonable limits that a district court has the authority to impose." *Id.* at 211-12 (quoting *Mussare*, 405 F.3d at 169).

Here, to the extent that Sgt. Moorhead's prior testimony and Judge Meade's judicial finding with respect thereto could be probative of Sgt. Moorhead's general truthfulness, the court finds that such evidence should still be excluded on cross-examination. Questioning Sgt. Moorhead about his actions in a collateral matter would be confusing to the jury as well as unfairly prejudicial. *United States v. Georgiou*, 777 F.3d 125, 144-45 (3d Cir. 2015) ("Federal Rule of Evidence 403 authorizes a district court to 'exclude collateral matters that are likely to confuse the issues'" (quoting *Casoni*, 950 F.2d at 919)); *see also* Fed.R.Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . or needlessly presenting cumulative evidence"). Such questioning would also expose the jury to hearsay evidence. *See United States v. Guerrier*, 521 F.Supp.3d 527, 535 (M.D.Pa. 2021) ("'[J]udicial findings generally do not fall under the hearsay exception established by Rule 803(8)(C),' [which] provides that, 'in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law,

[are not excluded by the hearsay rule] unless the sources of information or other circumstances indicate lack of trustworthiness.'") (quoting *Nelson*, 365 F.Supp.2d at 388). Finally, exclusion does not hamper the defendant's right to inquire into Sgt. Moorhead's motivation to testify, nor does it fall outside the reasonable limits of this court's authority.

Thus, defense counsel will not be permitted to question Sgt. Moorhead on cross-examination and to impeach him with the prior judicial findings made by the court in *Smith*. Nor will he be permitted to ask Sgt. Moorhead whether the court in *Smith* found that he lied or testified falsely. Finally, he will not be allowed to ask Sgt. Moorhead whether the court found that he was not credible or that his testimony lacked credibility. Such questioning is precluded by Federal Rules of Evidence 608(b), 802, and 403.

## IV.    CONCLUSION

For the aforementioned reasons, the government's motion *in limine* will be **GRANTED**. An appropriate order shall issue.


**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 4/6/26
18-18-01

- 8 -